[Civ. No. 19765.    First Dist., Div. One.    June 12, 1961.]

CALIFORNIA COMPENSATION AND FIRE COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and EDWARD C. LEVENTON, Respondents.

Hanna & Brophy for Petitioners.

McFarland & Ferdon, John P. McFarland, Sedgwick, Detert, Moran & Arnold, Edward L. Beggs, Harold C. Brown, Mullen & Filippi, John W. Moore, T. Groezinger and Loton Wells for Amici Curiae on behalf of Petitioners.

Everett A. Corten, Emily B. Johnson, Charles P. Scully and Lowell A. Airola for Respondents.

BRAY, P. J.—Petitioners seek review and annulment of an award made by respondent commission granting a certain method of payment of attorney's fees earned in representing the successful claimant for compensation, respondent Edward C. Leventon.*

QUESTIONS PRESENTED

1. Does section 4904.1, Labor Code, provide for payment by the employer, or its carrier, of a successful claimant's attorney's fees for which a lien is granted in section 4904, in addition to the award of installment payments for disability granted the claimant?

2. How should payments be made under that section?

RECORD

Leventon, a timber-faller, sustained an industrial injury on July 29, 1957, which resulted in immediate total paraplegia. Petitioners provided him with medical treatment and temporary disability indemnity payments. Leventon was paid $40 per week for temporary disability by petitioners through October 5, 1959, and $35 per week thereafter until March 22, 1960.

On January 27, 1960, hearings were had upon the date at which temporary disability ceased and permanent disability began. That date was set at May 19, 1959. Further, Leventon was found to have been entitled to $40 a week as temporary disability payments from the date of injury through May 19, 1959. Also, Leventon was found to be entitled to 400 weekly

---

*Amici curiae briefs supporting petitioners' contentions were filed on behalf of Lumbermen's Mutual Casualty Company, Zenith National Insurance Company, Enterprise Insurance Company, Industrial Indemnity Company, Fireman's Fund Insurance Company, California Casualty Indemnity Exchange, State Compensation Insurance Fund, Truck Insurance Exchange, Allied Compensation Insurance Company, Transport Indemnity Company and Pacific Employers Insurance Company.

payments of $35 for permanent disability, commencing May 27, 1959, totaling $14,000; thereafter he was to receive $21.54 per week as a life pension. Leventon's attorney was granted a "lien against unpaid compensation" for the sum of $1,000. The award became final on March 22, 1960. The petitioners immediately began to withhold payments to Leventon in order to accumulate $1,000 for payment of the attorney's lien. Leventon, 100 per cent disabled, therefore received no disability payments while the sum was accumulating.

On May 11, 1960, Leventon's attorney petitioned for partial commutation and for determination of attorney's fees under Labor Code, section 4904.1. Upon stipulation the request for partial commutation was dismissed and the sole question for determination became the payment of the fee under the Labor Code. On November 14, 1960, an award was made requiring petitioner to pay Leventon's attorney $1,000 forthwith, "without disturbing the weekly payments due under the Findings and Award, filed herein March 22, 1960, pursuant to Labor Code Section 4904.1."

Petitioners sought reconsideration, which was denied.

1. *Section 4904.1, Labor Code, does not provide for payment of attorney's fees by employer.*

■■ Although the wording of the award artfully requires the insurer to pay the attorney's "lien," it does so expressly requiring that the weekly disability payments not be disturbed. The result is obviously to require the insurer to pay the attorney's fee over and above the amount to be paid as compensation.

Section 4904.1 reads: "The payment of liens as provided in Section 4904, shall in no way affect the commencement of immediate payments on any balance of the award to the injured claimant where an installment payment for his disability has been determined."

The respondent commission interprets the above section to require that no lien payment may be allowed to "disturb" or *diminish* the set weekly payments under an award. In so doing, it necessarily limits the term "balance" to the amount of the award after credits for prior payments have been deducted and without any deduction for liens. The result of such an analysis is that payments under the award start immediately, and remain at maximum. Further, if the installment payments are not to be "disturbed" they not only are not to be diminished, but cannot be commuted for a period.

In effect, the award can in no way be modified presently or prospectively. Hence liens cannot be satisfied therefrom unless some amount has accrued and remained unpaid at the time of the award. If no payments have so accrued, the commission holds, as a result of such a rigid interpretation, that the liens must be paid by the insurer apart from the award, or, really, the insurer is to pay the employee's lien creditors from its own pocket. Respondent contends that its interpretation is in accord with an intent on the part of the Legislature to provide that attorney's fees are to be paid by the insurer when no amounts have been accrued and unpaid at the time of the award.

Against this construction and application petitioners and amici curiae bring a number of objections. The primary argument appears to be that there are no provisions in the Labor Code for the direct payment of an applicant's attorney's fees except in the situations set forth in sections 5801 and 4555, Labor Code, neither of which situations admittedly occur here. Section 5801 provides that attorney's fees may be awarded in *addition* to compensation when the employee prevails upon a petition for review initiated by the employer for which the reviewing court finds no reasonable basis. Section 4555 provides that attorney's fees may be awarded in addition to compensation when the employer fails to secure payment of compensation. Both sections appear to be in the nature of penalties assessed against the employer.

Labor Code, section 4903, states, in part, that "The commission may determine, and allow *as a lien against any amount to be paid as compensation*: (a) A reasonable attorney's fee for legal services pertaining to any claim for compensation either before the commission or before any of the appellate courts, and the reasonable disbursements in connection therewith." (Emphasis added.) Thus only *liens* are allowed *against* compensation. There are no provisions whatever for what, under the respondents' construction, would amount to direct payment of attorney's fees in addition to compensation other than sections 5801 and 4555, referred to above, which obviously have no application in this case.

To interpret section 4904.1 as meaning that the Legislature, by enacting section 4904.1 in 1957, intended that when no present accrued and payable installment or installments exist at the time of the award but would be due in the future, the insurer is to pay attorney's fees in addition to compensation

awarded, is a wholly unreasonable interpretation. Such an interpretation would result in a most anomalous situation. If installments were accrued, attorney's fees would be payable therefrom, the effect of which would be that the claimant would pay the fees out of his award, while if the installments were not yet payable, the insurer would pay them in addition to the award. If the Legislature intended to change the situation as to attorney's fees which has existed since the inception of the workmen's compensation acts, and which is clearly shown in section 4903, providing a lien for attorney's fees "against any amount to be paid as compensation," it would have done so directly and not by adopting a section (4904.1) as to which the most that can be said in favor of respondents' position is that it is ambiguous. Had the Legislature meant what the commission says it meant, there seems little doubt but that it could have said so clearly.

Moreover, section 4904.1 deals not only with liens for attorney's fees but other liens as well. The section refers to "payment of liens." This includes such liens as those for living expenses of employee or dependents, and living expenses of wife or minor children provided by section 4903. Therefore, if section 4904.1 is interpreted to require the insurer to pay attorney's fees liens in addition to the installment payments of the disability award, it likewise requires the insurer to pay additionally the above mentioned other liens. Thus the absurdity of any such interpretation is shown.

It is not reasonable to assume that the Legislature would make such a drastic and fundamental change in the workmen's compensation laws by indirection. Particularly is this so, when the legislative history of section 4903 discloses that on numerous occasions the Legislature has refused to require the payment of attorney's fees by the insurer additionally to the payment of the award to the workman.

As hereinbefore shown, the Legislature in sections 4555 and 5801 provided specific situations in which the insurer is to pay the claimant's attorney's fees. It is reasonable to assume that had the Legislature intended the same result to follow in the situation described in section 4904.1, it would have said so specifically as it did in the other two sections.

Moreover, the conclusion of the commission as to the proper interpretation of section 4904.1 is by no means necessary to a reasonable interpretation of that section. The first part states that liens under section 4903 "shall in no way affect the *com-*

*mencement* of immediate payments . . ." (Emphasis added.) It does not require that the payments to be immediately commenced need necessarily be the maximum under the award. The commission interprets the word "balance" ("the commencement of immediate payments on any *balance* of the award" (emphasis added)) as being determined by multiplying the weekly installments by the number of weeks for which they are to be paid; whereas the "balance" is the total amount of the award less any credits or liens. The installments will then be determined by dividing that balance into weeks and made to commence immediately. It obviously was the intention of the Legislature to ensure that the workman would not be deprived of a weekly payment until such time as the liens, if any, were paid by the application to payment of the lien of the whole of each weekly installment. By such intention, however, the Legislature did not indicate that the "lien" of attorney's fees was to be paid by the insurer additionally to the award to the claimant. Clearly the payment of a sum additional to the award would not be paying a "lien" on the award. Such payment would not be of a charge " '. . . wholly incidental to the principal award' [citations]" (*State Comp. Ins. Fund* v. *Industrial Acc. Com.*, 89 Cal.App.2d 821, 824 [202 P.2d 86]), but a separate and distinct charge itself. In the last-mentioned case the insurer had wholly paid the temporary and permanent disability award prior to an attempt to impress a lien for attorney's fees. The court held that there being no principal, the commission, in awarding attorney's fees, granted in effect a "personal judgment" against the carrier which was beyond its jurisdiction under the Constitution and the Labor Code. The commission's interpretation of section 4904.1 in the instant case, likewise, in effect grants a personal judgment against the carrier.

2. *Proper method of payment.*

As soon as the award became final, petitioners ceased payments to the claimant and began accumulating sufficient funds to satisfy the lien for attorney's fees. This would result in the workman's being without disability payments for approximately 29 weeks. Such a result is precisely what section 4904.1 is intended to prevent. Such action violated the provision "The payment of liens as provided in section 4904 shall in no way affect the commencement of immediate payments . . ." The claimant was not immediately paid and would not be paid

for a considerable length of time. Petitioners do not now urge this procedure as a proper interpretation of the section.

Several methods of complying with section 4904.1 without requiring the payment by the insurer of attorney's fees in addition to the disability award have been suggested by petitioners and amici curiae. We do not deem it the province of this court to determine what method the commission should adopt. This is a matter for the commission, at least in the first instance. We have interpreted section 4904.1 as definitely not providing for the payment of attorney's fees by the employer or insurer over and above the award. The commission should be able either by commutation or otherwise to devise a method by which the weekly payments to the claimant provided by the award would be reduced as little as possible and yet the attorney's lien be paid out of the claimant's award.

The ''Order Dismissing Petition for Partial Commutation and Order Directing Payment of Attorney Fee'' and the ''Order Denying Defendant's Petition For Reconsideration'' are annulled and the respondent commission is directed to proceed in accordance with the views herein expressed.

Tobriner, J., and Duniway, J., concurred.

The petition of respondent Leventon for a hearing by the Supreme Court was denied August 9, 1961.