[No. B062848. Second Dist., Div. Three. Oct. 27, 1992.]

STEPHEN M. PRICE et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, G.L. NUNEZ
PLASTERING et al., Respondents.

COUNSEL

Stephen M. Price, in pro. per., and for Petitioners.

Phillip N. Bruce as Amicus Curiae on behalf of Petitioners.

Lundgren & Powell, Thomas C. Camardi, Jr., and John D. Bradfeldt for Respondents.

OPINION

**CROSKEY, J.**—Attorneys Stephen M. Price and Arthur Kay petitioned for a writ of review regarding a decision by respondent Workers' Compensation Appeals Board (Board) denying them attorney fees for their representation of Enrique Cadena in a workers' compensation matter. The parties had filed stipulations with a request for an award. In their stipulations, the parties agreed that (1) Mr. Cadena was entitled to permanent disability indemnity; (2) Mr. Cadena's attorneys requested specified attorney fees; and (3) the fees would be payable from the "far end of [the] award." Before the workers' compensation judge (WCJ) issued an award pursuant to the stipulations, Mr. Cadena died. A different WCJ subsequently concluded no attorney fee was payable because there were no benefits payable to Mr. Cadena when he died. The Board denied reconsideration, and we issued a writ of review.

It is clear that the parties stipulated, and the first WCJ ordered, that the permanent disability award be partially commuted to pay the attorney fees requested by Mr. Price and Mr. Kay. We conclude, however, that the WCJ's approval of the stipulation for commutation to pay attorney fees is not enforceable because there were no accrued but unpaid disability indemnity payments due to the employee at the time of the employee's death. We therefore affirm the Board's order denying reconsideration.

### FACTUAL AND PROCEDURAL BACKGROUND

On November 3, 1988, Mr. Cadena filed a workers' compensation application alleging that on September 8, 1988, he sustained industrial injuries during his employment by G.L. Nunez Plastering. When he filed the application, Mr. Cadena was represented by Mr. Kay. In May 1989, defense counsel filed a declaration of readiness, stating that a pretrial permanent disability rating was needed for settlement. In August 1989, Mr. Kay requested permission to withdraw as attorney of record. His motion was granted on August 24, 1989. On January 17, 1990, Mr. Price appeared as Mr.

Cadena's attorney at a hearing in the workers' compensation matter; however, the matter was taken off calendar to give the parties an opportunity to draft stipulations.

On May 9, 1990, Mr. Cadena, Mr. Price, and counsel for defendants, G.L. Nunez Plastering and Nationwide Insurance Company, signed stipulations with a request for an award. The stipulations were on a Board form. The parties stipulated that on September 8, 1988, Mr. Cadena sustained an industrial injury to his right lower extremity, spine, ribs, and upper extremities during his employment by G.L. Nunez Plastering, which was insured for workers' compensation by Nationwide Insurance Company. The parties also stipulated that the injury caused temporary disability from September 9, 1988, through November 9, 1989, for which indemnity was payable at $224 per week, less credit for previous payments. The parties further stipulated that the injury resulted in 70 percent permanent disability, for which indemnity was payable at $140 per week, "beginning 4 days after V.R.T.D. [vocational rehabilitation temporary disability indemnity] ends," less credit for previous payments. The parties stated further medical treatment might be necessary based on a particular report and agreed the defendants would pay specified lien claims. On the stipulation form, Mr. Price requested a $4,270 attorney fee for himself and indicated Mr. Kay requested a $2,135 attorney fee. Next to the attorney fee request is the following handwritten notation: "Payable from far end of award per agreement of counsel."[1]

In June 1990, the parties filed the stipulations. In a letter dated July 19, 1990, WCJ Ellen Flynn informed counsel she was unable to "act[] upon" the stipulations because counsel had failed to "provide for" the lien claim of "Diagnostic Imaging Center of S.E. L.A." (Diagnostic). On July 31, 1990, Mr. Cadena died as a result of acquired immune deficiency syndrome (AIDS).[2] In a letter dated August 1, 1990, Diagnostic informed WCJ Flynn that, pursuant to a telephone conversation that day, Diagnostic agreed its lien had been paid in full.

On August 23, 1990, over three weeks after Mr. Cadena's death, WCJ Flynn issued an award of temporary disability indemnity, permanent disability indemnity, and further medical treatment pursuant to the stipulations. She

---

[1]The language "Payable from far end of award" was written to the left of the sums requested as attorney fees and the language "per agreement of counsel" was written to the right of the requests. Although some question on the point was raised at oral argument, we assume that WCJ Flynn was the one who made or approved these interlineations and that she did so with the intent to reflect a stipulation actually made and to ensure that it would ultimately be included as part of her order.

[2]Mr. Cadena's former spouse, Amelia Cadena, filed an application for death benefits for herself and Mr. Cadena's daughter, alleging that the industrial injury contributed to Mr. Cadena's death by accelerating the progression of AIDS.

further ordered that the requested attorney fees were "payable from [the] far end of [the permanent disability] award." The award was served by mail that same date. Because of an overpayment of vocational rehabilitation temporary disability indemnity and permanent disability advances, *no unpaid benefits had accrued or were due to Mr. Cadena at the time of his death.*

The record does not reflect whether WCJ Flynn knew Mr. Cadena had died before she issued the award. The record is in conflict as to when the employer and its insurer first knew of Mr. Cadena's death.[3] Mr. Price asserts defendants were informed of Mr. Cadena's death within a few days after he died. Defendants assert that September 6, 1990, was the date when they first learned of it. Defendants did not petition for reconsideration of the stipulated award.

On March 28, 1991, Mr. Price filed a letter with the Board, asserting he was entitled to payment of his fee under the stipulated award. On July 25, 1991, WCJ Robert Murray ordered that no attorney fee was payable to Mr. Price and Mr. Kay because no benefits were due and payable to Mr. Cadena at the time of his death. Indeed, WCJ Murray stated that defendants had overpaid Mr. Cadena in the sum of $1,620.

Mr. Price and Mr. Kay petitioned for reconsideration. In his report on the petition for reconsideration, WCJ Murray explained that, because of an overpayment of vocational rehabilitation temporary disability indemnity and permanent disability advances, no benefits had accrued under the stipulations at the time of death. The WCJ further stated that no benefits were paid based on the stipulations. He concluded that, because nothing was paid pursuant to the stipulations, there was no basis for payment of an attorney fee.

The Board denied reconsideration. The Board explained it was persuaded by WCJ Murray's reasoning. The Board further stated: "[W]e note that there was no petition or order to commute the award, or partially commute the attorneys' fees, even though the language 'payable from far end of award' was used with respect to the attorneys' fees. (See, Cal. Workers' Comp. Practice (Cont. Ed. Bar 1985) p. 485.) Thus, insofar as nothing had actually accrued or was payable at the time of death, and because there was no commutation order, there are no benefits from which the lien for attorneys' fees can be resolved. Therefore, the award for attorneys' fees cannot be enforced."

---

[3]There is no evidence that information regarding Mr. Cadena's condition was withheld from the insurer. It appears, however, that the insurer did not know Mr. Cadena had AIDS. It is a reasonable inference that the insurer would probably not have entered into a stipulation that attorney fees be paid from the far end of the award if it had known about Mr. Cadena's actual medical condition.

## ISSUES

 The central issue is whether, despite the death of the employee before issuance of the stipulated award and the lack of any accrued but unpaid benefits at the time of his death, the award of fees to the employee's attorneys may be enforced in view of the language in the stipulations and award that the attorney fees be payable from the "far end of [the] award."
 A second issue is whether the employer and insurer should be awarded attorney fees incurred in opposing the petition for writ of review.

## DISCUSSION

1. *Award of Attorney Fees From Far End of Permanent Disability Award*

A fee for an employee's attorney in a workers' compensation case is ordinarily payable as a lien against compensation to the injured employee. (Lab. Code, § 4903, subd. (a); see 2 Hanna, Cal. Law of Employee Injuries & Workers' Compensation (rev. 2d ed. 1992) Attorneys & Attorney's Fees, § 20.02[1][a], p. 20-9.) Labor Code section 5100 allows the Board to commute awards to injured employees in specified circumstances.[4]

In *California Comp. & Fire Co.* v. *Industrial Acc. Com.* (1961) 193 Cal.App.2d 6, 8-12 [13 Cal.Rptr. 885], the court concluded disability benefits should be commuted or reduced as little as possible to pay an attorney's lien so the employee's initial weekly payments are not substantially affected. The court based its conclusion on Labor Code section 4904.1, which provides: "The payment of liens as provided in Section 4904, shall in no way affect the commencement of immediate payments on any balance of the award to the injured claimant where an installment payment for his disability has been determined." Labor Code section 4904 provides in pertinent part: "If notice is given in writing to the insurer, or to the employer if uninsured, setting forth the nature and extent of any claim that is allowable as a lien, the

---

[4]Labor Code section 5100 provides: "At the time of making its award, or at any time thereafter, the appeals board, on its own motion either upon notice, or upon application of either party with due notice to the other, may commute the compensation payable under this division to a lump sum and order it to be paid forthwith or at some future time if any of the following conditions appear: [¶] (a) That such commutation is necessary for the protection of the person entitled thereto, or for the best interest of the applicant. In determining what is in the best interest of the applicant, the appeals board shall consider the general financial condition of the applicant, including but not limited to, the applicant's ability to live without periodic indemnity payments and to discharge debts incurred prior to the date of injury. [¶] (b) That commutation will avoid inequity and will not cause undue expense or hardship to the applicant. [¶] (c) That the employer has sold or otherwise disposed of the greater part of his assets or is about to do so. [¶] (d) That the employer is not a resident of this state."

claim is a lien against any amount thereafter payable as compensation, subject to the determination of the amount and approval of the lien by the appeals board. . . ." The court held that, because the attorney fee is a lien against the employee's compensation, Labor Code section 4904.1 does not require the insurer to pay an attorney fee in addition to the amount payable as compensation. (*California Comp. & Fire Co.* v. *Industrial Acc. Com.*, *supra*, 193 Cal.App.2d at pp. 8-12.)

■ One commentator has stated: "Workers' compensation judges frequently order partial commutation of awards to pay attorney fees and other liens without interrupting the employee's disability indemnity payments. When an employee has been paid permanent disability indemnity regularly by the employer or carrier, there are often no payments accrued at the time of the award from which the liens can be paid. Rather than have the carrier withhold weekly payments until an amount sufficient to meet the liens is accumulated, the Board, either on its own motion or at the request of a party, will commute sufficient final weekly payments of the award, rather than the next payments due, to pay the liens. This approach may be mandatory in view of the provisions of [Labor Code section] 4904.1 . . . . [Citations.]" (Swezey, Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) Supplemental Proceedings, § 12.44, p. 485.)[5] Herlick has explained that, when no compensation has accrued at the time of the award, one approach is "to commute enough payments off the 'far end' of the award to equal the fee." (2 Herlick, Cal. Workers' Compensation Law Practice (4th ed. 1991) Liens, § 17.17, p. 17-21.)

An order that attorney fees be paid from the far end of a permanent disability award is an order of commutation. Although our research has not disclosed any case so holding, the use of language that the attorney fee is to be paid from the far end of the award is commonly understood as language of commutation. (See 2 Herlick, *op. cit. supra*, § 17.17, p. 17-21; *Toccalino* v. *Workers' Comp. Appeals Bd.* (1982) 128 Cal.App.3d 543, 550 [180 Cal.Rptr. 427] [WCJ ordered attorney fees " 'to be commuted from the far end of the award . . . .' "]; *State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1981) 117 Cal.App.3d 143, 146 [172 Cal.Rptr. 557] [WCJ ordered that attorney fees "be payable forthwith by a lump sum 'commuted off the far end of the [permanent disability] award, [but] before commencement of the life pension' "]; *Hulse* v. *Workers' Comp. Appeals Bd.* (1976) 63 Cal.App.3d 221, 224, fn. 2 [133 Cal.Rptr. 678] [court noted that " 'far end' commutation of a permanent disability award is commonly ordered to permit the immediate payment of attorney's fees"].)

■ Labor Code section 4700 provides that neither temporary nor permanent disability indemnity is payable for any period of time after the

---

[5]As previously noted, the Board cited page 485 of California Workers' Compensation Practice in its opinion.

employee's death. Because the insurer had overpaid workers' compensation benefits and there was no accrued but unpaid disability indemnity at the time of Mr. Cadena's death, it was improper for the WCJ to award permanent disability indemnity. Because unaccrued permanent disability indemnity could not be awarded after Mr. Cadena's death, there was no "far end" of a valid permanent disability award that could be commuted. The WCJ therefore erred in awarding attorney fees to Mr. Price and Mr. Kay.[6]

The Board has held that a compromise and release signed before an employee's death may be approved after the death of the employee. (*Light* v. *Summit Drilling & Productions Co.* (1979) 44 Cal.Comp.Cases 1083, 1084-1086 (in bank).) Unlike a case settled by an approved compromise and release, however, a case settled by a stipulated award may be reopened pursuant to Labor Code section 5410 or section 5803 without a showing of fraud, mistake, undue influence, or duress. (*Draper* v. *Workers' Comp. Appeals Bd.* (1983) 147 Cal.App.3d 502, 507 [195 Cal.Rptr. 248].) Moreover, unlike a compromise and release, a stipulated award may provide that the employer has liability for further medical treatment. (See 2 St. Clair, Cal. Workers' Compensation Law & Practice (4th ed. 1990) Settlements: Compromise & Release, & Stipulated Findings & Awards, § 15.9, p. 762.) A stipulation becomes an executed contract when payments are made pursuant to the stipulation. (*Huston* v. *Workers' Comp. Appeals Bd.* (1979) 95 Cal.App.3d 856, 865 [157 Cal.Rptr. 355].) Absent a showing of good cause, a party may not be released from an executed stipulation to pay disability indemnity. (*Ibid.*) In the present case, WCJ Murray found the stipulations with a request for an award were not executed because no payments were made pursuant to the stipulations. Mr. Price and Mr. Kay have not challenged that finding.

In the past, the Board has ordered employers to pay attorney fees to employees' attorneys when the employer knew the employee was represented by counsel but the employer overpaid workers' compensation benefits so that no benefits were due at the time of the award of disability indemnity or at the time of a later award of attorney fees. (*Paula Ins. Co.* v. *Workers' Comp. Appeals Bd.* (1982) 47 Cal.Comp.Cases 1373; *Sierra Pacific Industries* v. *Workers' Comp. Appeals Bd.* (1979) 44 Cal.Comp.Cases 573; *State*

---

[6]Defendants' failure to petition for reconsideration did not result in a waiver of their right to contend that the attorney fee award is unenforceable. The permanent disability award provided that payment of permanent disability indemnity would commence four days after vocational rehabilitation temporary disability indemnity ended. The record does not reflect that vocational rehabilitation temporary disability indemnity had ended during Mr. Cadena's life. The permanent disability payments were made as advances. The permanent disability award, having been issued after Mr. Cadena's death, was void. (Lab. Code, § 4700.) The attorney fee award, having been based on a void permanent disability award, could properly be challenged after the period to petition for reconsideration had elapsed.

*Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.* (1971) 36 Cal.Comp.Cases 678.) However, in *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1982) 130 Cal.App.3d 933, 937, 942 [182 Cal.Rptr. 171], the court held that the Board had erred in awarding an attorney fee to an employee's attorney when, as a result of the employee's settlement of a related civil action against a third party, the employer and the workers' compensation carrier were entitled to credit for most of the permanent disability award. The court stated: "The lien for the attorney fees is improper. The Board's authority to award liens for attorney fees derives from section 4903, subdivision (a). That section specifies that the lien is to be allowed 'against any sum *to be paid* as compensation, . . .' (Italics added.) The Board acknowledged that funds might not be available once the amount defendant owed was credited; yet it nevertheless awarded plaintiff's attorney $650. The only sums possibly payable were the penalties assessed. Those penalties which we have considered proper . . . may be extinguished by the credit[,] eliminating potential of any 'sum to be paid;' the effect would be to coerce defendant to pay $650 more than it owed in the workers' compensation proceeding. This the Board cannot do. If the credit proves greater than the outstanding debt[,] the attorney fees will have to be considered as paid." (*Id.* at p. 942, fns. omitted.)

In a footnote in *State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.*, *supra*, 130 Cal.App.3d 933, the court distinguished *State Compensation Ins. Fund* v. *Workmen's Comp. Appeals Bd.*, *supra*, 36 Cal.Comp.Cases 678, as follows: "*State Compensation Insurance Fund* v. *Workmen's Comp. Appeals Bd.* (*Chester*) (1971) 36 Cal.Comp.Cases 678 (writ den.), presents a special situation. There a referee awarded an employee $4,515, less $450 for his attorney's fee. It was then discovered the Fund had paid so much toward the award that only $40 remained to pay the attorney. The referee ordered the Fund to pay the attorney the entire $450, as punishment for paying too much to the employee when it should have known the attorney would have a lien. [¶] There is no similar cause to punish defendant here, for it did not pay to the brink as in *Chester*. There remained $1,045 from which to satisfy plaintiff's attorney. It is no fault of defendant that this sum became subject to a credit when plaintiff settled his third party suit." (*State Compensation Ins. Fund* v. *Workers' Comp. Appeals Bd.*, *supra*, 130 Cal.App.3d at p. 942, fn. 5.)

Similarly, in the present case, the insurer did not "pay to the brink." Although the parties stipulated that Mr. Cadena was 70 percent permanently disabled, the overpayment of workers' compensation benefits was only $1,620. The employer and insurer should not be penalized for the $1,620 overpayment by being required to pay $6,405 in attorney fees despite the lack of any further liability for disability indemnity in the present matter.

## 2. *Defendants' Request for Attorney Fees*

 Defendants contend the petition for writ of review is frivolous and request that they be awarded attorney fees incurred in opposing the petition. Labor Code section 5801 provides that, if an injured employee prevails in any petition by the employer for a writ of review from an award by the Board and the court determines there is no reasonable basis for the petition, the court shall remand the matter to the Board "for the purpose of making a supplemental award awarding to the injured employee or his attorney . . . a reasonable attorney's fee for services rendered in connection with the petition for writ of review." Labor Code section 5801 does not contain a provision for an award of attorney fees to employers, insurers, or their attorneys. We need not determine whether attorney fees may be awarded to an employer or an insurer that opposes an injured employee's frivolous petition for writ of review because here there was a reasonable basis for the petition for writ of review.

### DISPOSITION

Respondent Workers' Compensation Appeals Board's October 1, 1991, order denying reconsideration is affirmed. The request of respondents G.L. Nunez Plastering and Nationwide Insurance Company for attorney fees is denied. Each party shall bear its own costs.

Klein, P. J., and Hinz, J., concurred.

A petition for a rehearing was denied November 19, 1992.