JEFF FOOTE, APPELLANT, V. O'NEILL PACKING
ET AL., APPELLEES.
632 N.W.2d 313

Filed August 17, 2001. No. S-00-492.

468

James J. Regan for appellant.

Richard R. Endacott, of Knudsen, Berkheimer, Richardson & Endacott, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

GERRARD, J.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 15, 1994, Jeff Foote, the appellant, suffered an injury in the course of employment that resulted in permanent partial impairments of 4 percent to his right hand, 10 percent to his left upper extremity, and 5 percent to his right upper extremity. In 1995, Foote filed a petition against O'Neill Packing and Aetna Insurance in the Workers' Compensation Court. The court entered an award, pursuant to a stipulation of the parties, on May 21, 1996, ordering payments for temporary disability and permanent loss of use of the right hand and both arms. The stipulation also provided, and the court ordered, that "the Defendants shall still be liable to pay to or on behalf of the Plaintiff all reasonable and necessary medical expenses resulting from said injuries."

The last workers' compensation payment was made on June 19, 1996. On January 19, 1999, Foote sought medical care from Dr. David Clough, who opined that Foote's bilateral carpal and cubital tunnel syndromes were continuations of the 1994 compensable injuries and that his continuing employment had not substantially changed the course in progression. Foote filed a petition in the compensation court against O'Neill Packing, Aetna Insurance, and The Travelers (appellees) seeking payment of the $123 medical bill from Clough. The appellees' answer alleged that the claim was barred by the statute of limitations. The parties stipulated that there was no evidence of an increase in disability or impairment from the injury since the time of the initial award.

The workers' compensation trial court dismissed Foote's petition, based on the determination that Foote's claim was barred by the 2-year statute of limitations set forth in Neb. Rev. Stat. § 48-137 (Reissue 1998). The review panel of the compensation court affirmed the dismissal. The Nebraska Court of Appeals

affirmed the decision of the compensation court without opinion, citing *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997). See *Foote v. O'Neill Packing*, case No. A-00-492 (Neb. App. Oct. 6, 2000) (disposed of without opinion). Foote petitioned for further review, which we granted.

## ASSIGNMENTS OF ERROR

Foote assigns, consolidated and restated, that the Court of Appeals erred in relying upon *Snipes v. Sperry Vickers, supra*, in determining that his claim for payment of medical benefits was barred.

## STANDARD OF REVIEW

■ An appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court did not support the order or award. *Blizzard v. Chrisman's Cash Register Co.*, 261 Neb. 445, 623 N.W.2d 655 (2001).

■ Interpretation of a statute presents a question of law. *Fontenelle Equip. v. Pattlen Enters., ante* p. 129, 629 N.W.2d 534 (2001). An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Gebhard v. Dixie Carbonic*, 261 Neb. 715, 625 N.W.2d 207 (2001).

## ANALYSIS

In *Snipes v. Sperry Vickers, supra*, we interpreted § 48-137, which provides in relevant part:

In case of personal injury, all claims for compensation shall be forever barred unless, within two years after the accident, the parties shall have agreed upon the compensation payable under the Nebraska Workers' Compensation Act, or unless, within two years after the accident, one of the parties shall have filed a petition [under the act]. . . . When payments of compensation have been made in any case, such limitation shall not take effect until the expiration of two years from the time of the making of the last payment.

We held that claims for medical expenses filed more than 2 years after the last payment of compensation were barred by § 48-137 in the absence of evidence of a material increase in the claimant's disability which would permit the claimant to seek an increase in benefits pursuant to Neb. Rev. Stat. § 48-141(2) (Reissue 1998). See *Snipes v. Sperry Vickers, supra.*

Foote argues that the instant case is distinguishable from *Snipes v. Sperry Vickers, supra,* in that the claimant in that case did not initially file a claim for compensation, but was voluntarily compensated by his employer. In the case at bar, Foote filed a petition after the initial injury and obtained an order directing the appellees to pay for medical expenses resulting from the injury. Foote argues, in essence, that he did file his claim within the 2-year limitation and that the award he obtained includes the medical expenses for which he now seeks compensation.

The trial court rejected this argument on the theory that § 48-137 applies "in any case," regardless of whether the last payment of compensation was made voluntarily or pursuant to a prior award. In response to Foote's argument that the disputed medical treatment was encompassed in the language of the 1996 award, the review panel, relying on *Snipes v. Sperry Vickers, supra,* stated that

> while a trial judge may write in an award that future medical expenses are to be paid, the trial judge has no authority to order payment of future medical expenses incurred more than two years after the date of the last payment unless there is a change in condition of the employee sufficient to satisfy the requirements of Section 48-141, R.R.S. 1998.

The two questions this court must resolve are (1) whether the review panel correctly determined that a workers' compensation trial court has no authority to order payment of future medical expenses incurred more than 2 years after the date of last payment unless there is a change in condition of the employee sufficient to satisfy the requirements of § 48-141 and (2) whether § 48-137 bars a claim made more than 2 years after the accident or last payment of compensation in a situation where compensation was paid pursuant to an award from the compensation court. Resolution of these questions requires an analysis of those provisions of the Nebraska Workers' Compensation Act

which specifically relate to payment of medical benefits and the statute of limitations.

■ The interpretation of a statute presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Fontenelle Equip. v. Pattlen Enters., ante* p. 129, 629 N.W.2d 534 (2001). Further, when considering a series or collection of statutes pertaining to a certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent and sensible. *Id.*

### AUTHORITY TO ORDER FUTURE MEDICAL PAYMENTS

The statutory provisions in effect at the time of Foote's accident and subsequent award in the compensation court are found at Neb. Rev. Stat. § 48-120(1) and (6) (Reissue 1993) and state, in pertinent part:

(1) The employer shall be liable for all reasonable medical, surgical, and hospital services . . . and medicines as and when needed, which are required by the nature of the injury and which will relieve pain or promote and hasten the employee's restoration to health and employment . . . subject to the approval of and regulation by the Nebraska Workers' Compensation Court, not to exceed the regular charge made for such service in similar cases.

. . . .

(6) The Nebraska Workers' Compensation Court shall have the authority to determine the necessity, character, and sufficiency of any medical services furnished or to be furnished and shall have authority to order a change of physician, hospital, rehabilitation facility, or other medical services when it deems such change is desirable or necessary. Any dispute regarding medical, surgical, or hospital services furnished or to be furnished under this section may be submitted by the parties, the supplier of such service, or the compensation court on its own motion for informal dispute resolution by a staff member of the compensation court or an outside mediator pursuant to section 48-168. . . . The compensation court may adopt and promulgate rules

and regulations regarding informal dispute resolution or the submission of disputes to an independent medical examiner that are considered necessary to effectuate the purposes of this section.

We first consider whether the review panel is correct in determining that the workers' compensation trial court lacked the authority to order, as part of a final award, payment of future medical expenses incurred more than 2 years after the date of the last payment, even if the medical expenses are reasonable and necessary and a result of the disabling injury. The operative language of § 48-120(1) pertinent to this issue states that "[t]he employer shall be liable for all reasonable medical . . . services . . . and medicines as and when needed, which are required by the nature of the injury and which will relieve pain or promote and hasten the employee's restoration to health and employment . . . ." Foote argues that in light of the fact that the disabling effects of a permanent disability may continue after an award of permanent partial disability has been entered, the obvious purpose of the statutory scheme is to authorize the Workers' Compensation Court to order, as part of a final award, an employer to pay the costs of the medicines and medical treatment reasonably necessary to relieve the worker from the effects of the injury even though such medical treatment may not be rendered for more than 2 years after the entry of the award. We agree with Foote's argument.

The Legislature enacted the Nebraska Workers' Compensation Act in order to relieve injured workers from the adverse economic effects caused by a work-related injury or occupational disease. See, generally, *Union Packing Co. v. Klauschie*, 210 Neb. 331, 314 N.W.2d 25 (1982); *Moise v. Fruit Dispatch Co.*, 135 Neb. 684, 283 N.W. 495 (1939); *Wilson v. Brown-McDonald Co.*, 134 Neb. 211, 278 N.W. 254 (1938). It is in light of this beneficent purpose that we have consistently given the act a liberal construction to " 'carry out justly the spirit of the Nebraska Workers' Compensation Act.' " *Phillips v. Monroe Auto Equip. Co.*, 251 Neb. 585, 595, 558 N.W.2d 799, 806 (1997). Accord *Fite v. Ammco Tools, Inc.*, 199 Neb. 353, 258 N.W.2d 922 (1977). See, also, *Miller v. E.M.C. Ins. Cos.*, 259 Neb. 433, 610 N.W.2d 398 (2000); *Union Packing Co. v. Klauschie, supra*.

■ The act is designed to compensate an injured worker for two distinct losses resulting from a work-related injury or occupational disease: the loss of earning capacity based on the concept of disability and medical and other costs associated with the injury or disease. See 4 Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 80.02 (2001). Consistent with this statutory design, the act authorizes an award of permanent disability, either partial or total, as a means of compensating the injured worker for the loss of earning capacity. See, *Sherard v. Bethphage Mission, Inc.*, 236 Neb. 900, 464 N.W.2d 343 (1991); *Musil v. J.A. Baldwin Manuf. Co.*, 233 Neb. 901, 448 N.W.2d 591 (1989). The act also, pursuant to § 48-120, authorizes an award of medical benefits reasonably necessary to relieve the injured worker from the effects of the work-related injury or occupational disease.

While both an award of permanent disability and an award of medical benefits are intended to offset the adverse economic consequences sustained by an injured worker, the need for medical treatment does not necessarily cease upon the entry of an award of permanent disability. *Grover v. Industrial Com'n of Colorado*, 759 P.2d 705 (Colo. 1988). Once a worker has reached maximum medical improvement from a disabling injury and the worker's permanent disability and concomitant decreased earning capacity have been determined, an award of permanent disability is appropriate. It is an obvious fact of industrial life, however, that an injured worker can reach maximum medical improvement from an injury and yet require periodic medical care to prevent further deterioration in his or her physical condition. *Id.* See, also, *Little v. Penn Ventilator Co.*, 317 N.C. 206, 345 S.E.2d 204 (1986).

■ Because the statutes should be broadly construed to accomplish the beneficent purpose of the act, *Miller v. E.M.C. Ins. Cos., supra*, it is inappropriate to graft onto the statutory scheme a substantial limitation on medical benefits when no such limitation is set forth in the act itself. The only limitation on medical benefits set forth in § 48-120 is that the treatment be reasonable and that the compensation court has the authority to determine the necessity, character, and sufficiency of the treatment furnished. It would be inconsistent with our principles of

statutory interpretation set forth above to read another limitation into the statute.

In addition to being in accord with the intended purposes of the act, our construction of § 48-120 is consistent with the legislative intent underlying the medical benefits provision, as evidenced by an examination of various amendments adopted by the Legislature over the years following the original enactment of the provision in 1913. As originally enacted in 1913, the statute limited medical benefits to medical and hospital services during the first 21 days after the disability began, with the employer's liability not to exceed $200. See 1913 Neb. Laws, ch. 198, § 20, pp. 585-86. Subsequent amendments, however, have greatly expanded the availability of medical benefits: 1917 Neb. Laws, ch. 85, § 6, p. 202 (providing compensation for major medical expenses, not to exceed $200, beyond 21-day period); 1919 Neb. Laws, ch. 91, § 1, p. 228 (eliminating 21-day limit altogether); 1921 Neb. Laws, ch. 122, § 1, p. 520 (eliminating $200 limit); 1965 Neb. Laws, ch. 278, § 1, p. 799 (providing compensation for "first prosthetic devices"); 1975 Neb. Laws, L.B. 127 (providing compensation for all prosthetic devices, as well as all supplies and treatment required to "relieve pain or promote and hasten the employee's restoration to health and employment"); and 1978 Neb. Laws, L.B. 529 (providing compensation for plastic or reconstructive surgery).

We conclude that the history of the medical benefits provision, from its original enactment in 1913 to the present version applicable here, clearly manifests a legislative intent in § 48-120 to make medical benefits available to a disabled worker without regard to any time limitation measured from the last date of payment (when an award is entered), as long as further medical treatment is reasonably necessary to relieve the worker from the effects of the work-related injury or occupational disease. It is particularly significant to note that the statute, as originally enacted, contained a limitation on the time period during which medical expenses were compensable and that the Legislature later specifically removed that limitation from the statute. Furthermore, the construction we herein adopt accords with the interpretation which other courts have placed on statutory enactments similar to the medical benefits provision of § 48-120. See,

e.g., *Barnes v. W.C.A.B.*, 23 Cal. 4th 679, 2 P.3d 1180, 97 Cal. Rptr. 2d 638 (2000); *Lisney v. LIRC*, 171 Wis. 2d 499, 493 N.W.2d 14 (1992); *Grover v. Industrial Com'n of Colorado*, 759 P.2d 705 (Colo. 1988); *Little v. Penn Ventilator Co.*, 317 N.C. 206, 345 S.E.2d 204 (1986); *Depue v. Barsh Truck Lines*, 493 P.2d 80 (Okla. 1972); *Eide v. Whirlpool Seeger Corp.*, 260 Minn. 98, 109 N.W.2d 47 (1961); *Plantation Mfg. Co. v. Industrial Comm'n*, 294 Ill. App. 3d 705, 691 N.E.2d 13, 229 Ill. Dec. 77 (1997).

In so construing § 48-120, however, we hasten to emphasize that before an order for future medical benefits may be entered, there should be a stipulation of the parties or evidence in the record to support a determination that future medical treatment will be reasonably necessary to relieve the injured worker from the effects of the work-related injury or occupational disease. The employer, of course, may contest any future claims for medical treatment on the basis that such treatment is unrelated to the original work-related injury or occupational disease, or that the treatment is unnecessary or inapplicable. See § 48-120(6). Where the record has established, however, that future medical treatment will be reasonably necessary, the compensation court is authorized to enter an award of future medical benefits subject to the provisions of § 48-120(6).

### § 48-137 ANALYSIS

Having determined that the Workers' Compensation Court has the statutory authority to order payment of future medical expenses incurred more than 2 years after the date of the last compensation payment, we now consider whether § 48-137 bars a claim made more than 2 years after the accident or last payment of compensation in a situation where compensation was paid pursuant to an award from the compensation court. In the instant case, the compensation court determined that § 48-137 operated to bar Foote's claim. That section provides, in relevant part:

In case of personal injury, all claims for compensation shall be forever barred unless, within two years after the accident, the parties shall have agreed upon the compensation payable under the Nebraska Workers' Compensation Act, or unless, within two years after the

accident, one of the parties shall have filed a petition as provided in section 48-173. In case of death, all claims for compensation shall be forever barred unless, within two years after the death, the parties shall have agreed upon the compensation under the Nebraska Workers' Compensation Act, or unless, within two years after the death, one of the parties shall have filed a petition as provided in section 48-173. When payments of compensation have been made in any case, such limitation shall not take effect until the expiration of two years from the time of the making of the last payment.

Foote argues that his present claim is not barred by § 48-137 because he complied with § 48-137 by filing a petition in 1995. In reaching a contrary conclusion, the compensation court determined that the language "in any case" extends the 2-year limitation from the time of the last payment to cases in which a petition has been filed.

This conclusion is inconsistent, however, with the language of § 48-137, quoted above, indicating that a claim is forever barred *unless* a petition is filed. To state that a limitation will not take effect until the expiration of 2 years from the last payment presupposes that such a limitation is applicable in the first place, and the statute clearly provides that the 2-year limitation is contingent upon the failure of one of the parties to file a petition. See § 48-137. The language "in any case," upon which the compensation court relied, makes clear that when a petition has not been filed, the 2-year limitation from the making of the last payment runs in cases both of personal injury and of death. See *id.* It does not provide that the limitation period shall be applied where a party has timely filed a petition. See *id.*

 Instead, once a party has filed a petition and an award of compensation has been entered, that award is final and not subject to readjustment, unless there is an increase or decrease in incapacity or the condition of a dependant has changed. See Neb. Rev. Stat. §§ 48-140 and 48-141 (Reissue 1998). In other words, when a petition has been filed and an award made by the compensation court, there is no 2-year limitation on claims relating to the same accident because such claims are absolutely barred unless the requirements of § 48-141 are met.

The appellees rely on *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997), for the proposition that § 48-120 is not an exception to § 48-137. In that case, however, the claimant did not comply with § 48-137 by filing a timely petition, and we have concluded that § 48-137 does not apply to circumstances in which the claimant has timely filed a petition and obtained a final award of compensation. The appellees also rely on the case *O'Connor v. Anderson Bros. Plumbing & Heating*, 207 Neb. 641, 300 N.W.2d 188 (1981), to argue that § 48-137 applies regardless of whether payments have been made pursuant to a prior award. That case, however, is distinguishable from the instant case. In *O'Connor*, the claimant was awarded permanent disability by the compensation court. The claimant sought additional compensation more than 6 years after the making of the last payment, claiming an increase in incapacity. This court noted that the claimant had obtained medical treatment for his condition throughout the time period between the last payment and the claim of increased incapacity, but determined that the claim was not barred by § 48-137 because the claimant's increase in incapacity was the result of a latent condition that several physicians were unable to diagnose. *O'Connor v. Anderson Bros. Plumbing & Heating, supra.*

In *O'Connor v. Anderson Bros. Plumbing & Heating, supra*, the question was whether the claim of increased incapacity was barred by § 48-137. Had the claimant in that case not made a claim of increased incapacity under § 48-141, his claim would have been barred regardless of when it was brought because it would have been an unauthorized attempt to readjust a final award of compensation. See § 48-140. In this case, there is no claim for which § 48-141 applies. In short, while § 48-137 may bar a claim brought under § 48-141, § 48-137 does not otherwise apply where a petition has been timely filed and an award obtained.

Foote's claim in the instant case is admittedly based on the same accident that was the subject of the 1996 award, and the parties agree that the requirements of § 48-141 have not been satisfied. Consequently, the compensation court erred in applying the 2-year limitation of § 48-137 in the instant case because absent satisfaction of § 48-141, a claim for additional benefits relating to the same accident is barred regardless of whether or

not it is brought within 2 years of the making of the last compensation payment. We must analyze, therefore, whether Foote's claim in the instant case is a claim for additional benefits relating to the same accident or whether Foote's claim is covered by the 1996 award.

### TERMS OF 1996 AWARD

Having determined that the compensation court was authorized to award payment of future medical expenses based upon a stipulation or appropriate evidence, we must finally determine whether that authority was exercised by the compensation court in this case when it entered the 1996 award. If it was not, then Foote's claim would be barred as an attempt to readjust a final award of compensation. See § 48-140. As stated above, the 1996 award was entered pursuant to stipulation, and both the stipulation and the award stated that "the Defendants shall still be liable to pay to or on behalf of the Plaintiff all reasonable and necessary medical expenses resulting from said injuries."

The trial court in this case determined that the award was not an award of future medical benefits, stating that

> the intent of the parties in agreeing to such provision in a stipulated award was not to waive any future benefit that the particular party may be entitled to, but only to [e]nsure payment of medical expenses due and owing on the date of the award or in the future subject to any legal right a party may possess now or in the future. If the Court were to accept the plaintiff's argument that . . . the award of May 21, 1996 tolls the statute of limitations, then there would be no period of time in which the statute of limitations could run. The Court finds that was not the parties' agreement or intent.

The trial court's concern about the statute of limitations is misplaced, however, as § 48-137 does not operate to bar the enforcement of a validly entered final award of compensation. Moreover, the language of the stipulation does not support the construction placed upon it by the trial court.

The parties stipulated that the appellees would be liable for *all* reasonable and necessary medical expenses resulting from said injuries. Neither the stipulation nor the order places any temporal limitation on when such medical expenses were to

be incurred. A stipulated award may provide that the employer has liability for future medical treatment. *Price v. W.C.A.B.*, 10 Cal. App. 4th 959, 12 Cal. Rptr. 2d 831 (1992). The construction of a stipulation is a question of law, and we conclude that the stipulation at issue in this case subjected the appellees to liability for all reasonable and necessary medical expenses resulting from Foote's injuries, whether they were due and owing at the time of the award or whether they are incurred in the future.

Accordingly, we conclude that Foote's claim in the instant case is not barred because he is simply asking the compensation court to exercise its continuing jurisdiction over medical benefits to enforce the terms of its 1996 award. See § 48-120(1) (stating that liability for medical expenses is "subject to the approval of and regulation by the Nebraska Workers' Compensation Court"). See, also, *Barnes v. W.C.A.B.*, 23 Cal. 4th 679, 2 P.3d 1180, 97 Cal. Rptr. 2d 638 (2000) (noting distinction between rescinding and enforcing award and holding that workers' compensation board retained jurisdiction over award of future medical benefits); *St. Clair v. County of Grant*, 110 N.M. 543, 797 P.2d 993 (N.M. App. 1990) (holding that court had continuing jurisdiction to enforce judgment requiring payment of future medical expenses).

## CONCLUSION

We determine that Foote's claim for payment of medical expenses is not barred by § 48-137 and that the 1996 compensation court award authorized the payment of reasonable and necessary medical expenses resulting from said injuries, even where those expenses were incurred after the award was entered and more than 2 years from the time of the making of the last payment. Consequently, we conclude that the Court of Appeals erred in affirming the compensation court's order of dismissal.

We note that the 1996 award requires that for medical expenses to be compensable, they must be reasonable and necessary and result from the injuries that were the subject of the award. Because the compensation court determined that Foote's claim was barred by the statute of limitations, it did not reach those questions. Furthermore, should Foote ultimately prevail, he may be entitled to attorney fees. See, Neb. Rev. Stat. § 48-125(1) (Cum. Supp. 2000); *Harmon v. Irby Constr. Co.*, 258 Neb. 420,

604 N.W.2d 813 (1999). Therefore, this cause must be remanded to the compensation court for those determinations.

We reverse the judgment of the Court of Appeals and remand the cause to the Court of Appeals, with directions to reverse the judgment of the compensation court and remand the cause to the compensation court for further proceedings that are consistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

STEPHAN, J., not participating.