IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


MAJID V. US FOODS


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


AZAD MAJID, APPELLEE,

V.

US FOOD, L.L.C., APPELLANT.


Filed June 7, 2016.    No. A-15-844.


Appeal from the Workers' Compensation Court: JOHN R. HOFFERT, Judge. Affirmed.

Christopher A. Sievers, of Prentiss Grant, L.L.C., for appellant.

Gregory A. Greder for appellee.


PIRTLE and BISHOP, Judges.

PIRTLE, Judge.

### INTRODUCTION

Azad Majid was awarded workers' compensation benefits in 2011, including an award of future medical care. In this appeal, we consider whether Majid's current request for payment of lumbar fusion surgery falls under the earlier award's provision for future medical benefits. Upon our review, we affirm the compensation court's order requiring US Foods, L.L.C., to pay for Majid's lumbar fusion.

### BACKGROUND

On July 28, 2008, Majid injured his back while working for US Foods. Majid underwent numerous treatments, including pain medications, injections, and physical therapy. Majid reported that none of these treatments alleviated his back pain. However, Majid's doctors expressed doubt that Majid was entirely accurate in reporting his symptoms. For example, Dr. David Diamant

treated Majid in 2008 and 2009. After an initial physical examination, Dr. Diamant "explained to [Majid] that it is unclear exactly what is causing this pain." Dr. Diamant also wrote that Majid's complaints of increased pain following a functional capacity evaluation did not make sense and that "[i]t is hard to know what to make of [Majid] and his symptoms." Dr. Diamant stated that a lumbar fusion "was not a strong recommendation." However, because Majid had reported that other treatments did not work, Dr. Diamant stated, "I cannot think of anything else [other than surgery] that I can offer [Majid]." It appears that Majid did not pursue lumbar fusion surgery at the time.

On December 23, 2011, the Nebraska Workers' Compensation Court entered an award determining that Majid had suffered a back injury in 2008 during the course of his employment with US Foods and that he had reached maximum medical improvement. The compensation court found that the injury was "an aggravation of a preexisting degenerative disc disease at L4-5, L5-S1 with annular tears" and awarded Majid past and future medical benefits. With respect to future medical benefits, the court determined that it was likely that Majid would need continuing medical care, but warned that the "award of such future medical benefits . . . requires that any proposed future medical treatment obviously satisfy the usual accompanying foundational elements, i.e. that such treatment be reasonable, necessary and causally linked to the injury found to be compensable."

Pursuant to the provision for future medical benefits, Majid filed a motion to compel authorization for payment of reasonable medical treatment on November 1, 2013. Majid sought to compel US Foods to pay for lumbar fusion surgery, which Majid argued was reasonably necessary to treat back pain he continued to experience as a result of his work injury.

The compensation court overruled Majid's motion to compel because Majid had not satisfied the requirement of Neb. Rev. Stat. § 48-173 (Reissue 2010) that an independent medical examiner make a finding regarding the reasonableness and necessity of a request for future medical care. Majid subsequently moved for and was granted the appointment of an independent medical examiner.

The independent medical examiner, Dr. Ian Crabb, determined that Majid was "clearly extremely angry and frustrated with his condition" and had "a great deal of anger towards his company as well as the insurance companies." Dr. Crabb stated that he had spoken with Dr. H.R. Woodward at Nebraska Spine Center, L.L.P. regarding Majid. Dr. Crabb reported that Dr. Woodward had previously treated Majid and "had significant concerns about [Majid] as a surgical candidate." Dr. Crabb concluded that lumbar fusion surgery was not a recommended option for Majid:

> The treatment of discogenic pain is challenging. Current evidence based recommendations are strongly against proceeding with fusion for discogenic pain in the absence of neurologic compromise. In the setting of a patient with significant functional overlay and anger issues the projected success of this is reduced even further. . . .
>
> At this point, I cannot recommend proceeding with a spinal fusion for . . . Majid. . . . My opinion is that fusion is not reasonable and necessary to reduce [Majid's] pain at this time.

Dr. Woodward wrote to Majid's attorney on August 26, 2014. Dr. Woodward stated that when he first treated Majid in October 2012, he "found him to be fairly confrontational, upset, and angry regarding his situation." Dr. Woodward recommended additional evaluations prior to considering surgery as an option for Majid, and specifically recommended that Majid "be evaluated by neuropsychologist Dr. Robert Arias."

Dr. Arias evaluated Majid and authored a report in January 2015. According to Dr. Arias, a specialist in neuropsychology and behavioral medicine, his evaluation "revealed [Majid] to be a reasonable candidate for spinal surgery from a neuropsychological standpoint, although some potential concerns were nevertheless noted." The specific concerns Dr. Arias noted included a "mild" risk that psychological factors would interfere with Majid's long-term recovery, as well as "symptoms of depression and anxiety." Dr. Arias also noted that past testing had indicated that Majid may be exaggerating the severity of his symptoms, but the "emotional, somatic and cognitive symptom validity measures in this assessment were within normal limits."

It appears that Majid's attorney forwarded Dr. Arias' report to Dr. Woodward, who issued a new opinion in February 2015. Dr. Woodward stated that after having reviewed Dr. Arias' recommendation, he now believed Majid to be "an appropriate candidate" for lumbar fusion surgery. Dr. Woodward was "confident that this surgery can be accomplished satisfactorily." Dr. Woodward went on to state:

> In regard to the etiology of his pathology and subsequent symptoms it is very difficult to objectively determine this based on his radiographic and physical findings. These findings and symptoms can occur in the course of "natural" degeneration of the discs. Onset of symptoms may be due to aggravation of this "natural" degeneration by some injury. I am unable to objectively determine whether . . . Majid's symptoms are due to "natural" degeneration or the injury he reported sustaining on 07/28/2008 or a combination of these as I did not see or treat him at the time of the accident. *Provided the patient's report of his symptoms and work injury are accurate, then this surgery is reasonable and necessary due to the 7/28/2008 work injury* (emphasis added).

Subsequent to the evaluations of Drs. Crabb, Arias, and Woodard, Majid filed a second motion to compel authorization for payment of lumbar fusion surgery. US Foods opposed the motion, arguing that the surgery was not reasonably necessary to treat Majid's back pain resulting from the 2008 work injury.

The court held a hearing on Majid's motion on July 9, 2015. Majid testified regarding the nature of his pain, stating that he experienced pain and burning in his back, leg, and foot. Majid also testified that other treatments had not worked to relieve his pain and that he wanted to undergo lumbar fusion surgery in order to be able to return to work. The parties introduced numerous medical documents as exhibits, including the reports and notes of Drs. Diamant, Crabb, Arias, and Woodward mentioned above.

The court granted Majid's motion to compel payment of the lumbar fusion surgery.

US Foods appeals. Additional facts will be discussed, as necessary, in the analysis section of this opinion.

ASSIGNMENTS OF ERROR

Restated, US Foods assigns as error (1) the compensation court's finding that the requested lumbar fusion surgery was causally linked to Majid's work injury, (2) the compensation court's finding that lumbar fusion surgery was reasonably necessary, and (3) the compensation court's rejection of the court-appointed independent medical examiner's opinion.

STANDARD OF REVIEW

Under Neb. Rev. Stat. § 48-185 (Cum. Supp. 2014), an appellate court may modify, reverse, or set aside a Workers' Compensation Court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Manchester v. Drivers Mgmt., LLC*, 278 Neb. 776, 775 N.W.2d 179 (2009).

The determination of causation is ordinarily a matter for the trier of fact. *Hynes v. Good Samaritan Hosp.*, 291 Neb. 757, 869 N.W.2d 78 (2015). On appellate review, the findings of fact made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong. *Zitterkopf v. Aulick Indus.*, 16 Neb. App. 829, 753 N.W.2d 370 (2008).

ANALYSIS

US Foods first argues that the compensation court erred in finding a causal link between Majid's request for lumbar fusion surgery and his 2008 work-related back injury. US Foods emphasizes that Dr. Woodward expressed doubt regarding the reason that surgery was necessary. We conclude that the compensation court was not clearly wrong in finding Majid's need for lumbar fusion to be causally linked to his work injury.

Neb. Rev. Stat. § 48-120 (Supp. 2015) authorizes a compensation court to make future medical benefits available to an injured worker based on the recognition that "it is an obvious fact of industrial life . . . that an injured worker can reach maximum medical improvement from an injury and yet require periodic medical care to prevent further deterioration in his or her physical condition." *Foote v. O'Neill Packing*, 262 Neb. 467, 474, 632 N.W.2d 313, 320 (2001). A provision for future medical benefits nonetheless contemplates a causal connection between the compensable injury and the future medical care. *Zitterkopf v. Aulick Indus.*, 16 Neb. App. 829, 753 N.W.2d 370 (2008). An employer may contest any future claims for medical treatment on the basis that such treatment is unrelated to the original work-related injury or occupational disease, or that the treatment is unnecessary or inapplicable. *Sellers v. Reefer Sys., Inc.*, 283 Neb. 760, 811 N.W.2d 293 (2012).

In its order granting Majid's motion to compel payment for lumbar fusion surgery, the compensation court first concluded, based upon Dr. Woodward's recommendation, that the surgery was an appropriate treatment for Majid that would help him return to normal activities. The court noted that, although the court-appointed independent medical examiner, Dr. Crabb, had not recommended the surgery, it was inclined to accept the opinion of Dr. Woodward because Dr. Woodward had the benefit of Dr. Arias' evaluation recommending surgery from a psychological standpoint.

The court expressed hesitation due to Dr. Woodward's uncertainty about the cause of Majid's current need for surgery. The court acknowledged US Foods' argument based upon Dr. Woodward's statement that he was "'unable to objectively determine whether . . . Majid's symptoms are due to 'natural' degeneration or the [2008 work] injury . . . or a combination of these.'" The court noted, however, that US Foods' argument "ignores the last sentence of Dr. Woodward's opinion on causation" that the surgery could be causally linked to the work injury if Majid's report of his symptoms and work injury was found to be accurate. The court went on to conclude,

> Although conceding that a close question was presented, the Court does conclude, in the end, that [Majid's] Motion to Compel Authorization for Payment of Reasonable Medical Treatment ought to be and hereby is sustained. The Court's earlier finding of the compensability of [Majid's] low back injury coupled with Dr. Woodward's recommendation (based, in part, upon the conclusions of Dr. Arias-whose findings were not shared with the appointed independent medical examiner[, Dr. Crabb]) has led the Court to this conclusion.

The court therefore held that Majid's request for lumbar fusion surgery should be granted and ordered US Foods to pay for such surgery.

While we agree with the compensation court that this case presents a close question, we cannot say that the compensation court was clearly wrong in finding that Majid's need for a lumbar fusion was causally linked to his 2008 work injury. Although Dr. Woodward expressed hesitation regarding the etiology of Majid's need for the surgery, he concluded that "[p]rovided the patient's report of his symptoms and work injury are accurate, then this surgery is reasonable and necessary due to the 7/28/2008 work injury." The compensation court found Majid's report of his symptoms and work injury to be accurate because it determined that the surgery was reasonably necessary because of Majid's prior work injury. Based on the record before us, we cannot say that the compensation court's finding of causation was clearly wrong. See *Zitterkopf, supra*.

In its remaining two assignments of error, US Foods contends that the compensation court should have credited Dr. Crabb's opinion and found that the surgery was not reasonably necessary. US Foods argues that the compensation court improperly relied on Dr. Arias' opinion because Dr. Arias was an unqualified medical expert trained as a psychologist rather than a medical doctor. However, as explained above, the compensation court's ruling was not based on Dr. Arias' report, but on Dr. Woodward's. We also agree with the compensation court that because Dr. Woodward had the benefit of having reviewed Dr. Arias' psychological evaluation of Majid, Dr. Woodward's report was based on more accurate and updated information than was Dr. Crabb's. Where the record presents nothing more than conflicting medical testimony, an appellate court will not substitute its judgment for that of the Workers' Compensation Court. *Swanson v. Park Place Automotive*, 267 Neb. 133, 672 N.W.2d 405 (2003). The compensation court did not err in accepting Dr. Woodward's opinion that the surgery was reasonably necessary over the opinion of Dr. Crabb.

CONCLUSION

The compensation court was not clearly wrong in finding that Majid's request for lumbar fusion surgery was reasonably necessary and causally linked to his work injury. Accordingly, we affirm the order of the compensation court compelling US Foods to pay for Majid's lumbar fusion surgery.

AFFIRMED.

MOORE, Chief Judge, participating on briefs.