BARBARA A. WHITE, APPELLANT, V. SEARS, ROEBUCK & CO., A CORPORATION, APPELLEE.

431 N.W.2d 641

Filed November 18, 1988.   No. 87-1154.

Law Offices of Cobb & Hallinan, P.C., for appellant.

Kathleen C. Smith, of Schmid, Mooney & Frederick, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Nebraska Workers' Compensation Act.

The plaintiff, Barbara A. White, was injured as the result of an accident on November 16, 1983, while employed as a salesperson by the defendant, Sears, Roebuck & Co. The accident occurred when the plaintiff was lifting a floor jack to place it in the trunk of a customer's automobile. As a result of the injury to her back, the plaintiff underwent a laminectomy and diskectomy on May 14, 1984. She did not return to work following the surgery until August 1984. During the time the plaintiff was off work, the defendant voluntarily paid compensation to the plaintiff, the last payment having been made in September 1984.

On February 20, 1987, the plaintiff filed a petition in the Nebraska Workers' Compensation Court alleging that since the spring of 1986, she had suffered a material change in her condition which necessitated additional medical care and for which she had suffered increased disability. The defendant's answer consisted of a general denial and an allegation that any claim for additional compensation was barred by the statute of limitations.

After a hearing before a single judge, the petition was dismissed. The compensation court found that the last payment of compensation to the plaintiff by the defendant was made on September 11, 1984, more than 2 years prior to February 20, 1987, the date on which the petition was filed, and that the

plaintiff "did not allege or attempt to prove that she suffered from a latent and/or progressive disability."

On rehearing, the petition was again dismissed. The compensation court again found that the last payment of compensation by the defendant to the plaintiff had been made more than 2 years prior to the date on which the petition was filed and that the previous order of dismissal should be affirmed. The plaintiff has now appealed to this court.

The plaintiff's principal assignment of error is that the compensation court erred in failing to find that the plaintiff sustained a material change in her condition in the spring of 1986 in accordance with Neb. Rev. Stat. § 48-141 (Reissue 1984).

The finding by the compensation court that the plaintiff did not allege and attempt to prove that she had sustained a material increase in disability is not supported by the pleadings or the evidence.

The petition alleged that commencing in the spring of 1986, the plaintiff had sustained a substantial increase in disability which entitled her to additional compensation. The plaintiff's evidence tended to prove that beginning in the spring of 1986 she had sustained a substantial increase in disability which was a direct result of the accident and injury on November 16, 1983. The medical evidence was that Dr. Louis Gogela, who had performed the surgery on the defendant's back, released her to return to work in 1984, stating, "Her nuerological [sic] examination is good. She has only some residual minor back discomfort." None of the reports at that time indicated any permanent disability. Without our attempting to fully summarize all of the medical evidence, the plaintiff's evidence is that she now has between a 5-percent and 12-percent permanent disability to the body as a whole as a result of the accident and injury in 1983.

There is no doubt as to the right of an injured worker to receive compensation for an increase in disability that occurs following a compensable injury. Where there has been a proceeding before the compensation court and there has been an award, the procedure is set out in § 48-141. Where there is no dispute about the compensable nature of the injury which the

worker sustained, and the employer has voluntarily paid compensation to the injured worker, the right to receive additional compensation in the event of a material increase in disability resulting from the injury is still available.

As stated in 3 A. Larson, The Law of Workmen's Compensation § 78.44 at 15-296 (1988):

> The entire question is the simple one of whether the claimant has any reasonable occasion to file a claim sooner than he did. If voluntary compensation was paid, this cancels out the initial disability as a reason for filing a claim, and the case becomes identical to any other latent-injury situation.

If the parties are unable to agree, the worker's remedy is to file a petition in the compensation court.

Such a petition must be filed within 2 years from the time the employee knows or is chargeable with knowledge that the employee's condition has materially changed, and there has been such a substantial increase in disability as to entitle the employee to additional compensation. Neb. Rev. Stat. § 48-137 (Reissue 1984); *O'Connor v. Anderson Bros. Plumbing & Heating*, 207 Neb. 641, 300 N.W.2d 188 (1981). See, also, *Peek v. Ayers Auto Supply*, 157 Neb. 363, 59 N.W.2d 564 (1953). The petition in this case, which was filed February 20, 1987, was well within that period.

The judgment of the compensation court in this case did not respond to the pleadings and the evidence, and is not supported by the record. The judgment is reversed and the cause remanded for further proceedings.

It is unnecessary to consider the other assignments of error.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.