DENNIS SNIPES, APPELLANT, V. SPERRY VICKERS, APPELLEE.

557 N.W.2d 662

Filed January 3, 1997.    No. S-96-406.

Thomas F. Dowd, of Dowd, Dowd & Fahey, for appellant.

Robert D. Mullin, Jr., of McGrath, North, Mullin & Kratz, P.C., for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

On February 2, 1984, plaintiff-appellant, Dennis Snipes, suffered an eye injury in the course of his employment by defendant-appellee, Sperry Vickers. Sperry Vickers paid all medical expenses and all temporary and permanent disability benefits. As a result of his eye injury, Snipes was required to wear glasses. When Snipes so requested, he was examined by an ophthalmologist, who would change his prescription if appropriate. Sperry Vickers paid for all examinations and glasses through August 14, 1992.

On March 9, 1995, Snipes was examined by his ophthalmologist, who changed Snipes' prescription for glasses. It is stipulated that the cost of the examination and the new glasses is a result of the injury at work on February 2, 1984, and that Snipes had no claim against Sperry Vickers between August 14, 1992, and March 9, 1995.

Sperry Vickers refused to pay the cost of the eye examination and the resultant cost of new glasses. It urges that the claim was filed more than 2 years after the last payment and that Neb. Rev. Stat. § 48-137 (Reissue 1993) establishes a 2-year limitation period. Snipes filed an amended petition against Sperry Vickers in the Nebraska Workers' Compensation Court on April 12, 1995. Snipes claims that Sperry Vickers is liable for his medical expenses as and when needed. Snipes further alleges that the statute of limitations could not run until such time as he had a claim, which he did not have until March 9, 1995.

A majority of the review panel confirmed the trial court's finding that the statute of limitations took precedence over the requirement to pay medical expenses. One judge dissented.

Snipes appealed to the Nebraska Court of Appeals, arguing that the statute of limitations had not run because the claim was filed as soon as it occurred. We removed the case to our docket pursuant to our power to regulate the docket of the Court of Appeals. We affirm.

## BACKGROUND

The parties stipulated to the following facts:

On February 2, 1984, [Snipes] was employed by [Sperry Vickers] when he suffered an injury to his right eye arising out of and in the course of his employment
. . . .

As a result of the injury, [Snipes'] vision in his right eye was reduced to less than 20/20.

William R. Schlichtemeier, M.D., d/b/a Cornea Associates, P.C., performed surgery in 1984 on [Snipes'] right eye. With the use of glasses, [Snipes] has some, but not all the vision in his right eye.

Since 1984, [Snipes] has been examined by John Fitzpatrick, M.D., W.R. Schlichtemeier, M.D., and Stanley M. Truhlsen, M.D. and glasses were purchased.

[Sperry Vickers] paid all medical expenses, expenses for glasses, temporary disability and permanent disability benefits through August 14, 1992. [Sperry Vickers] made no payments to or on behalf of [Snipes] after August 14, 1992.

After August 14, 1992 and before March 9, 1995, [Snipes] incurred no medical expenses for which [Sperry Vickers] would be liable and [Snipes] had no claim against [Sperry Vickers] for which workman's compensation benefits would be due or owing.

On March 9, 1995, [Snipes'] right eye was examined by W.R. Schlichtemeier, M.D. Dr. Schlichtemeier changed the prescription for [Snipes'] glasses and [Snipes] needs a replacement set of glasses.

The examination and treatment by W.R. Schlichtemeier, M.D. on March 9, 1995 and the cost of a replacement set of glasses is directly and proximately caused by and arose out of [Snipes'] injury while in the course of his employment by [Sperry Vickers] on February 2, 1984.

The fair and reasonable charge for the examination by W.R. Schlichtemeier, M.D. on March 9, 1995 is $60.00.

The fair and reasonable charge for the glasses ordered by W.R. Schlichtemeier, M.D. is $440.00.

Dr. Schlichtemeier's statement in the amount of $60.00 and the statement of Malbar Vision Center in the amount of $440.00 [were] submitted to [Sperry Vickers].

[Sperry Vickers] refused to pay the statements of Dr. Schlichtemeier and Malbar Vision Center on the grounds that more than two years has passed since August 14, 1992, the date of it's [sic] last compensation payment and as a result, [Snipes'] claim is barred by the statute of limitations, §48-137 R.R.S. 1993.

Snipes alleges that the medical expense is payable as a reasonable and necessary medical expense as provided for in Neb. Rev. Stat. § 48-120 (Reissue 1993) and is not barred by the statute of limitations, since it did not commence because Snipes had no compensable claim to make between August 14, 1992, and March 9, 1995.

## ASSIGNMENTS OF ERROR

Snipes assigns as error the following: (1) Errors of law were committed by the trial court; (2) the court's decision was contrary to law; (3) the court's decision was contrary to the facts; (4) the court failed to order Sperry Vickers to pay Snipes' medical bill incurred "as and when needed" as required by § 48-120(1); (5) the court found Snipes' claim for medical expenses which are stipulated to have arisen out of his employment by Sperry Vickers and on which suit was filed within 2 months of the date of medical care was barred by the statute of limitations, § 48-137; (6) the court found the statute of limitations, § 48-137, begins to run before a right to file a claim for medical expenses has arisen; and, finally, (7) the court failed to award Snipes an attorney fee.

## STANDARD OF REVIEW

A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. *Berggren v. Grand Island Accessories*, 249 Neb. 789, 545 N.W.2d 727 (1996); *Pettit v. State*, 249 Neb. 666, 544 N.W.2d 855 (1996); *Scott v. Pepsi Cola Co.*, 249 Neb. 60, 541 N.W.2d 49 (1995); *Toombs v. Driver Mgmt., Inc.*, 248 Neb. 1016, 540 N.W.2d 592 (1995).

An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Berggren, supra; Hull v. Aetna Ins. Co.*, 249 Neb. 125, 541 N.W.2d 631 (1996); *Scott, supra.*

## ANALYSIS

The parties stipulate that the issue for this court to decide is whether or not a claim for medical expenses incurred more than 2 years after the last payment of compensation is barred by the statute of limitations when the employee had no compensable claims to file between August 14, 1992, the date of the last payment of compensation, and March 9, 1995, the date of the examination by Dr. William R. Schlichtemeier. We hold that the claim in this case is barred by the statute of limitations.

The answer to the issue presented by stipulation requires statutory interpretation of various sections of the Workers' Compensation Act, Neb. Rev. Stat. § 48-101 et seq. (Reissue 1993 & Cum. Supp. 1994). Statutory interpretation is a matter of law in connection with which we have an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Interest of Brandy M. et al.*, 250 Neb. 510, 550 N.W.2d 17 (1996); *County Cork v. Nebraska Liquor Control Comm.*, 250 Neb. 456, 550 N.W.2d 913 (1996); *Goolsby v. Anderson*, 250 Neb. 306, 549 N.W.2d 153 (1996). Further, in determining the meaning of a statute, we may conjunctively consider and construe a collection of statutes

which pertain to a certain subject matter to determine the intent of the Legislature so that different provisions of the act are consistent, harmonious, and sensible. *McCook Nat. Bank v. Bennett*, 248 Neb. 567, 537 N.W.2d 353 (1995); *Anderson v. Nashua Corp.*, 246 Neb. 420, 519 N.W.2d 275 (1994).

Sperry Vickers correctly states that a claimant has 2 years from the date of the last payment of compensation within which to bring an action under the Worker's Compensation Act, citing § 48-137.

Snipes argues that an employer is liable for all reasonable medical services, including appliances, supplies, prosthetic devices, and medicines as and when needed which are required by the nature of the injury and which will relieve pain or promote and hasten the employee's restoration to health and employment, citing § 48-120. He further argues that additional compensation may be awarded when there is an increase in disability. See, § 48-141; *White v. Sears, Roebuck & Co.*, 230 Neb. 369, 431 N.W.2d 641 (1988).

When payments of compensation have been made, as in the instant case, the statute of limitations will not take effect until the expiration of 2 years from the time of the making of the last payment, § 48-137. Snipes' initial argument, relying on § 48-120, is misplaced. We have never held § 48-120 to be an exception to the 2-year limitation in § 48-137, and we refrain from doing so now.

However, there are at least two exceptions that apply to § 48-137. The first, not argued by Snipes, is the situation where the injury is "latent and progressive" and is not discovered within 2 years of the accident which caused the injury. See, *Borowski v. Armco Steel Corp.*, 188 Neb. 654, 198 N.W.2d 460 (1972); *Williams v. Dobberstein*, 182 Neb. 862, 157 N.W.2d 776 (1968). See, also, *Maxey v. Fremont Department of Utilities*, 220 Neb. 627, 371 N.W.2d 294 (1985); *Novak v. Triangle Steel Co.*, 197 Neb. 783, 251 N.W.2d 158 (1977) (stating that knowledge of compensable disability, and not awareness of full extent thereof, is factor which controls in determining when statute of limitations begins to run).

The second exception to the statute of limitations, argued by Snipes, is articulated in the case of *White, supra.*

In *White*, this court confronted similar facts. The employee, Barbara A. White, injured her back on November 16, 1983, as a result of an accident that occurred during the course of her employment. As a result of her injury, White underwent surgery and did not return to work until August 1984. During the time White was off work, her employer paid compensation to her, the last payment having been made in September 1984.

On February 20, 1987, White filed a petition in the Workers' Compensation Court, alleging that since the spring of 1986, she had suffered a material change in her condition which necessitated additional medical care and for which she had suffered increased disability. Specifically, she had an increase from " 'some residual minor back discomfort' " to "between a 5-percent and 12-percent permanent disability to the body as a whole." *Id.* at 371, 431 N.W.2d at 643. Her employer relied on the statute of limitations. Both the single judge and the rehearing panel accepted the employer's argument.

The instant case has facts similar to those in *White*. Snipes' employer, Sperry Vickers, paid all medical expenses, expenses for glasses, and temporary disability and permanent disability benefits through August 14, 1992. Sperry Vickers made no payments to or on behalf of Snipes after that date. After August 14, 1992, and before March 9, 1995, Snipes incurred no medical expenses for which Sperry Vickers would be liable, and Snipes had no claim against Sperry Vickers for which workers' compensation benefits would be due or owing.

On April 12, 1995, Snipes filed an amended petition against Sperry Vickers in the Workers' Compensation Court, claiming in essence, that a material increase in disability occurred to his eye. This increase, resulting from the initial injury, necessitated additional medical care, i.e., examination on March 9, 1995, by Dr. Schlichtemeier, who changed the prescription for Snipes' glasses. Sperry Vickers relied on the statute of limitations. Both the trial judge and the review panel accepted the employer's argument.

In discussing the statute of limitations issue in *White v. Sears, Roebuck & Co.*, 230 Neb. 369, 371-72, 431 N.W.2d 641, 643 (1988), we stated:

There is no doubt as to the right of an injured worker to receive compensation for an increase in disability that occurs following a compensable injury. Where there has been a proceeding before the compensation court and there has been an award, the procedure is set out in § 48-141. *Where there is no dispute about the compensable nature of the injury which the worker sustained, and the employer has voluntarily paid compensation to the injured worker, the right to receive additional compensation in the event of a material increase in disability resulting from the injury is still available.*

(Emphasis supplied.)

Further:

"The entire question is the simple one of whether the claimant has any reasonable occasion to file a claim sooner than he did. If voluntary compensation was paid, this cancels out the initial disability as a reason for filing a claim, and the case becomes identical to any other latent-injury situation."

*White*, 230 Neb. at 372, 431 N.W.2d at 643 (quoting 3 Arthur Larson, The Law of Workmen's Compensation § 78.44 at 15-296 (1988)).

Sperry Vickers paid compensation, thus canceling out the initial disability as a reason for filing a claim. Snipes had no reasonable occasion to file a claim sooner than he did. When the parties are unable to agree on the compensation owed, the worker's remedy is to file a petition in the compensation court. See *White, supra.* Such a petition must be filed within 2 years from the time the employee knows or is chargeable with knowledge that the employee's condition has materially changed and that there has been such a substantial increase in disability as to entitle the employee to additional compensation. § 48-137; *White, supra.* See *Peek v. Ayers Auto Supply,* 157 Neb. 363, 59 N.W.2d 564 (1953).

We note that this case does not present a situation where the glasses were damaged and replacement of the glasses is sought. This is a case where the eye of the employee was damaged. However, this case is distinguished from *White* in one important

area. There is no evidence in the stipulated facts that there has been a material increase in Snipes' disability.

In *White*, the evidence showed a 5- to 12-percent increase in permanent disability to the body as a whole. That was determined to be a "material increase" in the claimant's disability. There is no such evidence in this case.

When payments of compensation have been made, as in the instant case, the statute of limitations will not take effect until the expiration of 2 years from the time of the making of the last payment. § 48-137. The last payment in this case was made on August 14, 1992. Lacking evidence of an exception, the March 9, 1995, claim is barred by the statute of limitations.

Based on the evidence it had before it, the compensation court was correct in its finding that the 2-year statute of limitations contained in § 48-137 had run. We therefore affirm.

Snipes has pointed out that his only other alternative is to incur "phony and/or frivolous" medical expenses and ask the court to order the employer to pay for such medical care in order to repeatedly extend the start date of the statute of limitations. Snipes argues that this would encourage frivolous medical care and litigation over frivolous medical care and would penalize an honest employee who has not abused the system.

Regarding this argument, the compensation court stated, "[Snipes] may very well be correct, but this problem was undoubtedly foreseen by the [L]egislature which chose to make no exceptions." The compensation court was not in error.

## CONCLUSION

The petition was filed after the 2-year time period set forth in the applicable statute of limitations. The possible exceptions to the statute of limitations do not apply. The judgment of the compensation court is affirmed.

AFFIRMED.

GERRARD, J., concurring.

Because there was no evidence of a substantial increase in Snipes' disability, I agree that Neb. Rev. Stat. § 48-137 (Reissue 1993) bars recovery of *this particular* $500 claim by Snipes. However, in a case such as this, where there is no dispute about the compensable nature of the injury and the employer has vol-

untarily paid compensation to the injured worker, the right to receive additional compensation *in the event of a material increase in disability* resulting from the injury is available in the future. See *White v. Sears, Roebuck & Co.*, 230 Neb. 369, 431 N.W.2d 641 (1988).

Thus, while § 48-137 barred Snipes' claim based on the evidence before us, the courthouse door is not necessarily forever locked in the event of a material increase in disability resulting from the February 2, 1984, injury.

WHITE, C.J., and FAHRNBRUCH, J., join in this concurrence.