ROGER THORNTON, APPELLANT, V. GRAND ISLAND CONTRACT CARRIERS AND AETNA CASUALTY AND SURETY COMPANY, APPELLEES.

634 N.W.2d 794

Filed October 26, 2001.   No. S-00-887.

Michael P. Dowd, of Dowd & Dowd, for appellant.

John R. Hoffert, of Knudsen, Berkheimer, Richardson & Endacott, for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

Appellant, Roger Thornton, filed a petition alleging that appellees, Grand Island Contract Carriers and Aetna Casualty and Surety Company, refused to pay medical expenses and attorney fees arising from work-related injuries. Aetna Casualty is now known as The Travelers Property and Casualty and will be referred to herein as "Travelers." The issue in the Nebraska Workers' Compensation Court was whether a medical bill incurred by Thornton was required to be paid by appellees. A single judge of the compensation court ordered a dismissal. This order was reviewed and affirmed by a three-judge review panel. We granted Thornton's petition to bypass under our power to regulate the caseloads of this court and the Nebraska Court of Appeals.

## BACKGROUND

On August 24, 1988, Thornton sustained personal injuries as a result of an accident arising out of the course of his employment with Grand Island Contract Carriers. Thornton filed a petition on September 20, 1991, to present a claim for workers' compensation benefits. In this petition, Thornton alleged that "the Statute of Limitations is tolled as a result of [appellees'] paying compensation benefits and medical expenses as a result of this accident and injuries to date of filing this Petition." Appellees generally denied Thornton's petition. In its award, the single judge for the compensation court noted that "[appellees] have paid all medical bills incurred to date arising from said accident" and that appellees had already been paying Thornton temporary total and permanent partial disability benefits for which appellees were entitled to credit. The original award was totally silent as to future medical expenses.

The present appeal arises out of a petition filed on June 4, 1999, by Thornton alleging that appellees refused to pay medical

expenses and attorney fees arising from work-related injuries of the original August 24, 1988, accident. Appellees filed a motion for summary judgment, attaching a stipulation of the parties to indicate there was no genuine issue of material fact. The stipulation states that Thornton was awarded various benefits including future medical benefits in a 1992 award which was affirmed on June 21, 1993; that Travelers last made a disability payment to Thornton on September 1, 1994, and a medical payment to Thornton or on Thornton's behalf on June 19, 1995; and that Thornton now makes a claim for medical services arising more than 2 years following the date of Travelers' last payment of indemnity and/or medical payments.

Neb. Rev. Stat. § 48-137 (Reissue 1998) states in pertinent part:

> In case of personal injury, all claims for compensation shall be forever barred unless, within two years after the accident, the parties shall have agreed upon the compensation payable under the Nebraska Workers' Compensation Act, or unless, within two years after the accident, one of the parties shall have filed a petition as provided in section 48-173. . . . When payments of compensation have been made in any case, such limitation shall not take effect until the expiration of two years from the time of the making of the last payment.

The single judge granted appellees' motion for summary judgment and ordered a dismissal, citing *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997), as controlling the matter. In *Snipes*, we held that claims for medical expenses filed more than 2 years after the last payment of compensation were barred by § 48-137 in the absence of evidence of a material increase in the claimant's disability, which would permit the claimant to seek an increase in benefits pursuant to Neb. Rev. Stat. § 48-141 (Reissue 1993) or where the injury is latent and progressive and is not discovered within 2 years of the accident. See *Snipes v. Sperry Vickers, supra*.

The three-judge panel affirmed, citing *Snipes* as controlling, and one judge wrote a concurrence and attached a three-judge opinion in a case which has since become *Foote v. O'Neill Packing, ante* p. 467, 632 N.W.2d 313 (2001), as deciding the exact same issues as those presented in this case.

Thornton's petition to bypass the Court of Appeals was granted.

## ASSIGNMENTS OF ERROR

Thornton assigns that the trial court erred (1) in determining that Thornton's claim for payment of medical benefits was barred by §§ 48-137 and 48-141 (Reissue 1988); (2) in determining that the general statute of limitations, § 48-137, applied in this case in which a petition had previously been filed and adjudicated and an award had previously been entered by the compensation court; (3) in determining that requiring the employer to pay for medical care amounted to a modification of the previous award directing payment for such care and was therefore subject to the provisions of § 48-141; and (4) as a matter of fact and law in applying the case *Snipes v. Sperry Vickers, supra*, as controlling on this matter.

## STANDARD OF REVIEW

■ An appellate court may modify, reverse, or set aside a compensation court decision only when (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court did not support the order or award. *Blizzard v. Chrisman's Cash Register Co.*, 261 Neb. 445, 623 N.W.2d 655 (2001).

■ Interpretation of a statute presents a question of law. *Fontenelle Equip. v. Pattlen Enters.*, ante p. 129, 629 N.W.2d 534 (2001). An appellate court is obligated in workers' compensation cases to make its own determinations as to questions of law. *Gebhard v. Dixie Carbonic*, 261 Neb. 715, 625 N.W.2d 207 (2001).

## ANALYSIS

In the recent case of *Foote v. O'Neill Packing, supra*, we were called upon to resolve two questions: (1) whether the compensation court has the authority to order payment of future medical expenses incurred more than 2 years after the date of the last payment unless there was a change in condition of the employee sufficient to satisfy the requirements of § 48-141 and (2) whether

§ 48-137 bars a claim made more than 2 years after the accident or last payment of compensation in a situation where compensation was paid pursuant to an award of the compensation court. As to the compensation court's authority, we concluded in *Foote* that Neb. Rev. Stat. § 48-120 (Reissue 1998) clearly manifests the legislative intent to make medical benefits available to a disabled worker without regard to any time limitation measured from the last date of payment when an award is entered as long as further medical treatment is reasonably necessary to relieve the worker from the effects of the work-related injury or occupational disease.

As to § 48-137, we stated:

> We determine that Foote's claim for payment of medical expenses is not barred by § 48-137 and that the 1996 compensation court award authorized the payment of reasonable and necessary medical expenses resulting from said injuries, even where those expenses were incurred after the award was entered and more than 2 years from the time of the making of the last payment.

*Foote, ante* at 480, 632 N.W.2d at 324.

In both *Foote v. O'Neill Packing, ante* p. 467, 632 N.W.2d 313 (2001), and in Thornton's case, the injured worker was attempting to obtain payment of medical expenses more than 2 years after the last compensation payment was made.

However, as in *Foote*, the compensation payments made in this case were made pursuant to an award entered by the compensation court after a petition had been filed. In *Foote*, we held that the 2-year limitation of § 48-137 is contingent upon the failure of one of the parties to file a petition. Instead, once a party has filed a petition and an award of compensation has been entered, that award is final and not subject to readjustment, unless there is an increase or decrease in incapacity or the condition of a dependant has changed. See *Foote v. O'Neill Packing, supra,* citing Neb. Rev. Stat. §§ 48-140 and 48-141 (Reissue 1998). In other words, an injured worker may be entitled to future medical expenses under § 48-120, but the injured worker must prove such entitlement and obtain an award with respect to the future medical expenses. The employer can then, if warranted, appeal that final award. If, on the other hand, future medical expenses are not part

of the final award, that judgment is final and any future claims for medical expenses relating to the same accident are absolutely barred unless the requirements of § 48-141 are met. *Foote v. O'Neill Packing, supra.*

In *Foote*, we determined that the plaintiff's claim was not barred by § 48-140. In *Foote*, however, our decision was based on the fact that the Workers' Compensation Court's original award had provided that future medical benefits would be paid and that § 48-120 authorized such an award. In the instant case, no such award was made; the order stated only that "[appellees] have paid all medical bills incurred to date arising from said accident." Thus, unlike in *Foote*, the award in the instant case is essentially silent on the issue of future medical expenses.

Thornton's claim in the instant case is admittedly based on the same accident that was the subject of the 1992 award, and the parties agree that the requirements of § 48-141 (Reissue 1988) have not been satisfied. Consequently, the compensation court erred in applying the 2-year limitation of § 48-137 in the instant case because absent satisfaction of § 48-141, a claim for additional benefits relating to the same accident is barred regardless of whether or not it is brought within 2 years of the making of the last compensation payment. As the 1992 award contains no language that can be reasonably construed to provide future medical benefits, Thornton's current claim is an attempt to secure additional benefits relating to the same accident, and is barred by § 48-140 (Reissue 1988).

One additional matter we address is the fact that although the award of December 22, 1992, did not award future medical expenses, the stipulation entered into between the parties after the judgment states that Thornton was awarded various benefits, including future medical benefits. The stipulation is of no effect, as the general rule is that the parties have no right to stipulate as to matters of law, and such a stipulation, if made, will be disregarded. See *Struve Enter. v. Travelers Ins. Co.*, 243 Neb. 516, 500 N.W.2d 580 (1993).

Therefore, we conclude that since the December 22, 1992, award did not provide for future medical benefits, Thornton cannot recover for medical expenses relating to the same accident that is the subject of the 1992 award.

## CONCLUSION

The compensation court erred in concluding that § 48-137 applied to the instant case; instead, Thornton's petition was properly dismissed because his claim was barred by § 48-140. However, a proper result will not be reversed merely because it was reached for the wrong reasons. *Gestring v. Mary Lanning Memorial Hosp.*, 259 Neb. 905, 613 N.W.2d 440 (2000). Since the compensation court reached the right result, albeit for the wrong reasons, the order of the review panel affirming the judgment of the compensation court is affirmed.

AFFIRMED.

STEPHAN, J., not participating.