768 N.W.2d 140 (2009)
17 Neb. App. 640
Linda HAYNES, Personal Representative of the Estate of Louis E. Lucas, deceased, appellee,
v.
Marc DOVER and Lori Dover, appellants.
No. A-08-1209.
Court of Appeals of Nebraska.
May 26, 2009.
*141 Justin W. High, of Sodoro, Daly & Sodoro, Omaha, for appellants.
Thomas K. Harmon, of Law Offices of Thomas K. Harmon, for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
SIEVERS, Judge.
Marc Dover and Lori Dover appeal the decision of the district court for Sarpy County finding that the Dovers were in breach of contract on a promissory note in the amount of $20,600 to Louis E. Lucas, deceased, that his personal representative sought to collect in this lawsuit.

FACTUAL AND PROCEDURAL BACKGROUND
Lucas died on September 3, 2002. Linda Haynes, Lucas' daughter, was appointed the personal representative of Lucas' estate. In June 2005, Haynes, on behalf of the estate, brought an action against the Dovers relating to two separate promissory notes that were past due and still owed to the estate. Haynes' complaint alleged three causes of action against the Dovers: two for breach of contract and one for fraud. One cause of action for breach of contract and the fraud cause of action were ultimately dismissed. Thus, only one cause of action for breach of contract remains relevant in this appeal.
On March 6, 2001, the Dovers borrowed $20,600 from Lucas, Lori's grandfather, in exchange for a promissory note. At the time of trial in September 2008, the Dovers had made no payments on the promissory note, alleging that Lucas verbally canceled the $20,600 debt the Dovers owed Lucas. At trial, the district court sustained Haynes' hearsay objection and excluded Marc's testimony that Lucas verbally canceled the $20,600 debt the Dovers owed Lucas. The Dovers were allowed to make an offer of proof regarding the same. In its order, the district court found that Haynes sustained her burden of proof on the breach of contract claim and entered judgment against the Dovers in the amount of $20,600 plus interest. The Dovers now appeal.

ASSIGNMENTS OF ERROR
The Dovers allege that the trial court improperly sustained Haynes' hearsay objection and excluded Marc's testimony that Lucas verbally canceled and forgave the $20,600 debt the Dovers owed Lucas.

STANDARD OF REVIEW
[1] Apart from rulings under the residual hearsay exception, we review for clear error the factual findings underpinning a trial court's hearsay ruling and review de novo the court's ultimate determination to admit evidence over a hearsay objection. State v. Draganescu, 276 Neb. 448, 755 N.W.2d 57 (2008).

ANALYSIS
During the bench trial, both Lori and Marc testified that they had previously *142 borrowed money from Lucas, but had always paid him back. When questioned about their nonpayment of the promissory note at issue, the following colloquy took place between Marc, counsel for both parties, and the court:
[Defense counsel:] And was there some reason for the change into in not making the payments?
[Plaintiff's counsel]: Objection: Relevancy.
THE COURT: No, overruled. You may answer.
[Marc]: Okay. Thank you.
Honestly, when things were busy with [the Lucases], and Lori was taking care of [Lucas], it never really got taken care of. And the day that [Lucas' wife] was buried, I went to his bedroom where he was laying down, he was going to have surgery the next day, and I
[Plaintiff's counsel]: I think we're coming into a hearsay here, so I'm going to object as to hearsay.
THE COURT: Sustained.
[Defense counsel]: Can I make an offer of proof with respect to an exception?
THE COURT: Well, what's the exception?
[Defense counsel]: It would be under 27-804, Subsection 2, Subsection C.
THE COURT: Is that the dead man statute? Twenty-seven what?
[Defense counsel]: 27-804, Subparagraph 2, Subparagraph C.
THE COURT: I'll let you make your offer of proof.
[Defense counsel]: I'd offerunder that provision of the statute, Judge, that would be an exception to the hearsay rule, and the witness should be allowed to answer the question.
THE COURT: Well, it says intended to subject himthat's the declarantto civil or criminal liability. I don't see it. Itthe objection's sustained. If you want to make your offer of proof, you can.
[Defense counsel]: Well, for the record, I'd like the [sic] make the offer of proof that thethe statementif this witness was allowed to answer that question, it would be that ... Lucas forgave the note at theat this time and place that he's testified to up to the point of objection.
THE COURT: All right.
[Defense counsel]: And that that statement ought to be allowed because the statement is made, which is contrary to ... Lucas's pecuniary interest in that he's owed this money and he's making the statement that it's being forgiven. That would be my offer of proof.
THE COURT: The offer of proof will be made a part of the record. You may proceed.
[Marc]: That evening after we got back, I went to his room because he was laying down, he was going to have surgery the next day
[Plaintiff's counsel]: Well, I'm going to object
[Defense counsel]: Counsel's objecting to it, [Marc], so I have to go on to another question.
[Marc]: That's fine. I didn't understand. I'm sorry.
THE COURT: That's fine.
Thus, while the court did not allow the evidence after finding that such was hearsay, the offer of proof was that Lucas had verbally canceled the $20,600 debt the Dovers owed Lucas.
Neb.Rev.Stat. § 27-804 (Reissue 2008) states in relevant part:
(2) Subject to the provisions of section 27-403, the following are not excluded *143 by the hearsay rule if the declarant is unavailable as a witness:
. . . .
(c) A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.
In the instant case, Lucas was certainly an unavailable witness, as he was deceased at the time of trial.
[2, 3] The next question is whether Lucas' alleged verbal cancellation of the Dovers' debt was contrary to Lucas' pecuniary interest. See Black's Law Dictionary 829 (8th ed.2004) (pecuniary interest is also termed financial interest). We find that the alleged verbal cancellation or discharge of the promissory note cannot be said to be against Lucas' pecuniary interest, because there was no writing offered or received into evidence which purported to discharge the Dovers' debt to Lucas. Discharge of a negotiable instrument such as a promissory note is governed by the Uniform Commercial Code. FirsTier Bank v. Triplett, 242 Neb. 614, 497 N.W.2d 339 (1993).
Neb. U.C.C. § 3-604(a) (Reissue 2001) states:
A person entitled to enforce an instrument, with or without consideration, may discharge the obligation of a party to pay the instrument (i) by an intentional voluntary act, such as surrender of the instrument to the party, destruction, mutilation, or cancellation of the instrument, cancellation or striking out of the party's signature, or the addition of words to the instrument indicating discharge, or (ii) by agreeing not to sue or otherwise renouncing rights against the party by a signed writing.
There was no evidence of discharge by one of the physical acts detailed in § 3-604(a)(i). Therefore, any discharge or cancellation could only be proved by a signed writing, and thus, the alleged statement attributable to Lucas regarding the Dovers' debt would not be against his pecuniary interest because such would not affect the validity of the note. Thus, the evidence of the alleged verbal forgiveness of the debt was not admissible as an exception to the hearsay rule, and such was properly excluded by the trial court.
[4] Although our reasons for concluding that the testimony was not admissible are somewhat different than the district court's, there was no error when the trial court sustained Haynes' hearsay objection. A proper result will not be reversed merely because it was reached for the wrong reason. See Thornton v. Grand Island Contract Carriers, 262 Neb. 740, 634 N.W.2d 794 (2001). We affirm the decision of the district court.
AFFIRMED.