dealer, motor vehicle salesperson, dealer's agent, or auction dealer without the required license and remand the cause for a new trial. Because there was no evidence to show that Merchant was acting as an auction dealer, he cannot be retried on that alternative means of committing the offense. Thus, the new trial must be limited to the other three alternatives for which Merchant was charged.

REVERSED AND REMANDED FOR A NEW TRIAL.

---

GARY M. LENZ, APPELLEE, V. CENTRAL PARKING SYSTEM
OF NEBRASKA, INC., AND NEW HAMPSHIRE
INSURANCE COMPANY, APPELLANTS.

___ N.W.2d ___

Filed June 27, 2014.    No. S-13-930.

1. **Workers' Compensation: Appeal and Error.** Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions.
2. **Statutes.** Statutory interpretation presents a question of law.
3. **Workers' Compensation: Limitations of Actions.** Determining when the statute of limitations starts under Neb. Rev. Stat. § 48-137 (Reissue 2010) presents a question of law.
4. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.
5. **Statutes: Judicial Construction: Legislature: Presumptions: Intent.** When judicial interpretation of a statute has not evoked a legislative amendment, it is presumed that the Legislature has acquiesced in the court's interpretation.
6. **Workers' Compensation.** Disability as a basis for compensation under Neb. Rev. Stat. § 48-121(3) (Reissue 2010) is determined by the loss of use of a body member, not loss of earning power.
7. **Appeal and Error.** An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court.

Appeal from the Workers' Compensation Court: THOMAS E. STINE, Judge. Affirmed.

Tiernan T. Siems and Karen M. Keeler, of Erickson & Sederstrom, P.C., for appellants.

Patrick B. Donahue, of Cassem, Tierney, Adams, Gotch & Douglas, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, STEPHAN, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

WRIGHT, J.

## NATURE OF CASE

Gary M. Lenz was injured in an accident arising out of and in the course of his employment as an outdoor parking lot attendant. More than 2 years after the last voluntary payment of benefits by Central Parking System of Nebraska, Inc., and New Hampshire Insurance Company (collectively Central) but within 2 years of the partial amputation of the fifth metatarsal in Lenz' right foot, he sought additional benefits for his work-related injury. The question presented is whether the partial amputation was a material change in condition and substantial increase in disability that would permit Lenz to seek benefits more than 2 years after Central's last voluntary payment. We affirm the judgment of the Workers' Compensation Court that awarded benefits.

## SCOPE OF REVIEW

[1-3] Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions. *Deleon v. Reinke Mfg. Co.*, 287 Neb. 419, 843 N.W.2d 601 (2014). Statutory interpretation presents a question of law. *Moyera v. Quality Pork Internat.*, 284 Neb. 963, 825 N.W.2d 409 (2013). The interpretation and meaning of a prior opinion present a question of law. *Bassinger v. Nebraska Heart Hosp.*, 282 Neb. 835, 806 N.W.2d 395 (2011). "Determining when the statute of limitations starts under [Neb. Rev. Stat.] § 48-137 [(Reissue 2010)] presents a question of law." *Obermiller v. Peak Interest*, 277 Neb. 656, 658, 764 N.W.2d 410, 412 (2009).

[4] A judgment, order, or award of the compensation court may be modified, reversed, or set aside only upon the grounds

that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award. Neb. Rev. Stat. § 48-185 (Cum. Supp. 2012). See, also, *Hynes v. Good Samaritan Hosp.*, 285 Neb. 985, 830 N.W.2d 499 (2013).

## FACTS

On December 20, 2008, Lenz developed frostbite on his right foot while performing his duties as an outdoor parking lot attendant. It was not disputed that the accident and resulting injury arose out of and in the course of Lenz' employment with Central. The parties agreed that Lenz was earning an average weekly wage of $194.25 for purposes of temporary disability benefits and $310 for purposes of permanent disability benefits.

Until mid-2009, Central voluntarily paid for the medical treatment of Lenz' frostbite injury, including two surgeries. Central paid temporary total disability benefits of $86.33 from December 21, 2008, through June 21, 2009, for a total of $2,256.91. The record does not indicate that the parties entered into a written agreement regarding Lenz' compensation.

In April 2009, Lenz moved to Colorado, where he continued treatment for the frostbite injury. He submitted his medical bills to a Colorado indigent care program and not to Central's workers' compensation insurance carrier.

Lenz returned to Nebraska in February 2012. Because the ulcers caused by the frostbite injury had not healed, he continued to receive medical treatment. In September, he was hospitalized for an infection in the ulcers. The infection spread to the fifth metatarsal in Lenz' right foot, and on October 31, a partial amputation of the fifth metatarsal was performed.

In January 2013, Lenz filed a petition with the Workers' Compensation Court, seeking temporary total and permanent partial disability benefits, reimbursement of medical expenses, and vocational rehabilitation benefits. He requested temporary total disability benefits of $129.50 from the date of the

accident through May 2009 and permanent partial disability benefits of $206.67 for 30 weeks based upon a 20-percent disability of his right foot. Central affirmatively alleged that his petition was barred by the statute of limitations in Neb. Rev. Stat. § 48-137 (Reissue 2010).

The relevant issues considered at trial before the Workers' Compensation Court were whether Lenz' petition was time barred by the applicable statute of limitations, whether he was entitled to benefits, and if so, what benefits he should be awarded. It was not disputed that Lenz' petition was filed more than 2 years after Central's last payment of benefits.

Lenz asserted that his petition was not barred by § 48-137, because the action was commenced within 2 years of a substantial and material worsening of his condition. He asked the Workers' Compensation Court to apply the exception to § 48-137 recognized in *White v. Sears, Roebuck & Co.*, 230 Neb. 369, 431 N.W.2d 641 (1988).

Central claimed that pursuant to recent case law, the exception in *White* was unenforceable. And in the event that the Workers' Compensation Court concluded the exception did apply, Central claimed that there had not been a substantial change in Lenz' condition to justify application of the exception and that Lenz could have filed his petition much earlier than January 2013.

Lenz testified that in late 2012, the injury to his right foot "changed and worsened" and ultimately required a partial amputation of the fifth metatarsal in his right foot. According to Lenz, after the partial amputation, the ulcers resulting from the frostbite injury fully healed. Although his condition had improved, he still experienced pain in his right foot. He admitted that he could have filed his petition for workers' compensation benefits sooner, but stated that in May 2009, his claims representative told him that "[his] workman's comp case [was] pretty well finished."

Lenz offered the deposition of Dr. Steven Black, the medical director of the Nebraska Medical Center's Center for Wound Healing. Black explained that prior to the partial amputation, Lenz was "subject to frequent and near continuous episodes of recurrence of the ulcers." After reviewing Lenz' medical

records, Black opined that Lenz' condition got "significantly worse" in 2012 due to the bone infection and that Lenz had not reached maximum medical improvement until at least 6 months after the partial amputation. He concluded that Lenz had a permanent partial disability to the right foot of 20 percent, "[b]ased on the fact that [Lenz] cannot carry out a job on his feet or in cold weather without ulceration . . . ."

The Workers' Compensation Court determined that "part of the relief requested by [Lenz was] time barred pursuant to § 48-137," but that Lenz was "entitled to additional benefits related to the amputation of his fifth metatarsal." The court found that Lenz' injury was not latent and progressive, but that the infection of the bone, diagnosed on October 28, 2012, and the resulting partial amputation constituted a "material and substantial increase in disability resulting from the original work injury." Because Lenz had filed his petition within 2 years of that material and substantial change, the court held that the petition was timely under *White*.

The Workers' Compensation Court concluded that Lenz had "sustained [a] 20[-]percent permanent impairment to his right foot as a direct result of the material and substantial increase in incapacity related to the October 28, 2012[,] worsening of [his] condition." The court awarded 30 weeks of permanent partial disability in the amount of $206.67 per week, to begin April 28, 2013. It awarded reimbursement for medical expenses and mileage incurred on and after October 28, 2012.

Central timely appeals. Pursuant to our statutory authority to regulate the dockets of the appellate courts of this state, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## ASSIGNMENTS OF ERROR

Central assigns, restated and reordered, that the Workers' Compensation Court erred in (1) finding that Lenz' claim was not barred by the statute of limitations, (2) finding that Lenz suffered a material and substantial increase in disability, (3) misapplying the law regarding a material and substantial increase in disability, (4) failing to follow the most recent precedent, and (5) entering an award in Lenz' favor.

## ANALYSIS

As an initial matter, we note that Lenz' petition sought benefits for two separate time periods: (1) from the time of the accident through May 2009 and (2) after the partial amputation. The Workers' Compensation Court determined that Lenz' petition was time barred to the extent it sought benefits accruing prior to the partial amputation but was timely in its request for benefits accruing after the partial amputation. Lenz did not cross-appeal to challenge the determination that his petition was an untimely request for those earlier benefits. As such, we do not address that aspect of the court's ruling. We are concerned solely with whether Lenz' request for benefits accruing after the partial amputation was time barred.

### Statute of Limitations

Section 48-137 provides in relevant part:

> In case of personal injury, all claims for compensation shall be forever barred unless, within two years after the accident, the parties shall have agreed upon the compensation payable under the Nebraska Workers' Compensation Act, or unless, within two years after the accident, one of the parties shall have filed a petition as provided in section 48-173. . . . When payments of compensation have been made in any case, such limitation shall not take effect until the expiration of two years from the time of the making of the last payment.

Our case law recognizes two exceptions to § 48-137. See *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997). "The first . . . is the situation where the injury is 'latent and progressive' and is not discovered within 2 years of the accident which caused the injury." *Id*. at 420, 557 N.W.2d at 666. The second exception is applicable to the case at bar and is articulated in *White v. Sears, Roebuck & Co*., 230 Neb. 369, 431 N.W.2d 641 (1988).

In *White*, we examined the timeliness of the employee's petition for workers' compensation benefits. She had been injured in 1983, after which her employer voluntarily paid compensation until September 1984. She did not file a petition in the Workers' Compensation Court until 1987, after she

had allegedly "suffered a material change in her condition which necessitated additional medical care and for which she had suffered increased disability." See *id.* at 370, 431 N.W.2d at 642. The Workers' Compensation Court dismissed the petition because it was filed more than 2 years after the last payment.

We concluded that the Workers' Compensation Court erred in dismissing the employee's petition as untimely. We reasoned that

> [w]here there is no dispute about the compensable nature of the injury which the worker sustained, and the employer has voluntarily paid compensation to the injured worker, the right to receive additional compensation in the event of a material increase in disability resulting from the injury is still available.

*Id.* at 371-72, 431 N.W.2d at 643. We stated that in the event the parties do not agree about this additional compensation, "the worker's remedy is to file a petition in the compensation court." See *id.* at 372, 431 N.W.2d at 643. In light of the statute of limitations in § 48-137, we held that "[s]uch a petition must be filed within 2 years from the time the employee knows or is chargeable with knowledge that the employee's condition has materially changed, and there has been such a substantial increase in disability as to entitle the employee to additional compensation." See *White*, 230 Neb. at 372, 431 N.W.2d at 643.

Central argues that based upon our reasoning in *Bassinger v. Nebraska Heart Hosp.*, 282 Neb. 835, 806 N.W.2d 395 (2011), the exception for a material change in condition and substantial increase in disability is unenforceable. We disagree.

In *Bassinger*, we held that the common-law misrepresentation defense was not enforceable by either the Workers' Compensation Court or this court due to its equitable nature. We explained that claims for workers' compensation benefits cannot be barred on equitable grounds, because (1) the "Workers' Compensation Court does not have equity jurisdiction" and (2) we do not have the "authority to apply equitable principles" to the Nebraska Workers' Compensation Act. See *Bassinger*, 282 Neb. at 846, 847, 806 N.W.2d at 403,

404. We stated that the misrepresentation defense concerned issues of public policy that were solely within the province of the Legislature and was a limitation on benefits that was not authorized by the Nebraska Workers' Compensation Act. Therefore, we overruled *Hilt Truck Lines, Inc. v. Jones*, 204 Neb. 115, 281 N.W.2d 399 (1979), in which we had previously adopted the common-law misrepresentation defense.

The exception to § 48-137 established in *White v. Sears, Roebuck & Co.*, 230 Neb. 369, 431 N.W.2d 641 (1988), is clearly distinguishable from the common-law misrepresentation defense addressed in *Bassinger*. The exception recognized in *White* was not based on equitable principles or defenses but was based upon our statutory interpretation.

Since our decision in *White*, the Legislature has not amended § 48-137 to preclude application of the exception to the statute of limitations in the event of a material change in condition and substantial increase in disability. The appellate courts in Nebraska have recognized this exception on multiple occasions in the 26 years since *White*. See, *Dawes v. Wittrock Sandblasting & Painting*, 266 Neb. 526, 667 N.W.2d 167 (2003), *disapproved on other grounds, Kimminau v. Uribe Refuse Serv.*, 270 Neb. 682, 707 N.W.2d 229 (2005); *Foote v. O'Neill Packing*, 262 Neb. 467, 632 N.W.2d 313 (2001); *Snipes v. Sperry Vickers*, 251 Neb. 415, 557 N.W.2d 662 (1997); *Wissing v. Walgreen Company*, 20 Neb. App. 332, 823 N.W.2d 710 (2012). None of these decisions have prompted an amendment by the Legislature.

[5] When judicial interpretation of a statute has not evoked a legislative amendment, it is presumed that the Legislature has acquiesced in the court's interpretation. *Dawes, supra*. Because the Legislature has acquiesced to the exception for a material change in condition and substantial increase in disability established in *White*, we continue to apply it.

Central argues that this exception does not apply to Lenz' petition, because he "did not have a worsening of his condition and he had reason to file suit before he did." See brief for appellants at 16. We do not agree.

Lenz was not required to demonstrate that he could not have filed a petition earlier than he did. Part of our rationale

in *White* was that an injured employee cannot bring a claim for additional compensation unless and until such a change has taken place. Given that fact, we explained the exception as follows: "Such a petition must be filed within 2 years from the time the employee knows or is chargeable with knowledge that the employee's condition has materially changed, and there has been such a substantial increase in disability as to entitle the employee to additional compensation." See *id*. at 372, 431 N.W.2d at 643. We concluded that the employee's petition in *White* met the requirement of being filed within 2 years of a qualifying change, and we did not discuss whether she could have filed a petition sooner.

Similarly, in the instant case, we are concerned only with whether Lenz' petition was filed within 2 years of a change in condition that (1) was material and (2) resulted in a substantial increase in disability as to entitle him to additional compensation. We find that his petition was filed within 2 years of a material change in condition that resulted in a substantial increase in disability.

In October 2012, Lenz developed an infection of the fifth metatarsal in his right foot. He had previously suffered infections of the ulcers caused by frostbite. Although Lenz "underwent short periods of time where the wound would heal, . . . he was subject to frequent and near continuous episodes of recurrence of the ulcers." But the infection that occurred in October 2012 was distinct from the continuous problems with the ulcers. It was an infection of the bone, not merely the ulcers on the skin. Black described the infection as an occurrence that made Lenz' injury "significantly worse."

Due to the infection of the bone, Lenz experienced nausea and an extremely high temperature. The infection resulted in partial amputation of the right foot to remove the bone that was infected. Such a procedure had not previously been required to treat Lenz' injury. Based on these facts, it is clear that Lenz suffered a material change in condition in October 2012 and experienced more than just a continuation of the prior problems associated with the frostbite injury.

[6] Lenz' change in condition resulted in an increase in disability that entitled him to additional compensation. Lenz'

work-related injury was an injury to a scheduled member identified in Neb. Rev. Stat. § 48-121(3) (Reissue 2010). Disability as a basis for compensation under § 48-121(3) is determined by the "loss of use of a body member," not loss of earning power. See *Risor v. Nebraska Boiler*, 277 Neb. 679, 695, 765 N.W.2d 170, 185 (2009). The extent of disability to a scheduled member can be expressed in terms of percent. See, e.g., *Castro v. Gillette Group, Inc*., 239 Neb. 895, 479 N.W.2d 460 (1992).

There was no evidence that Lenz had been awarded compensation for any level of disability in his right foot prior to the amputation. Black concluded that after the partial amputation, Lenz had a 20-percent impairment to his right foot. This was based on the fact that Lenz "cannot carry out a job on his feet or in cold weather without ulceration." Black also based this determination on the sixth edition of the "American Medical Association Guides to Permanent Impairment." This evidence established that the infection of the bone and the partial amputation resulted in a substantial increase in disability in Lenz' right foot which entitled him to additional compensation.

In October 2012, Lenz suffered a material change in condition and substantial increase in disability that would allow him to file a claim within 2 years of that change in condition. He filed his petition on January 2, 2013. Because the petition was filed within 2 years of the material change in condition and substantial increase in disability, it was timely under the exception to § 48-137 established in W*hite v. Sears, Roebuck & Co*., 230 Neb. 369, 431 N.W.2d 641 (1988). The Workers' Compensation Court did not err in applying the exception to § 48-137 for a material change in condition and substantial increase in disability. It did not err in refusing to dismiss as untimely Lenz' petition for benefits accruing after the partial amputation.

OTHER ASSIGNMENTS OF ERROR

[7] Several of Central's assignments of error are broad enough to encompass the specifics of the award entered by the Workers' Compensation Court. However, Central's arguments

on appeal are focused solely on the statute of limitations question. Aside from asserting that the Workers' Compensation Court should not have considered Lenz' petition, Central does not challenge the benefits awarded. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *Jeremiah J. v. Dakota D.*, 287 Neb. 617, 843 N.W.2d 820 (2014). Therefore, we do not examine the award of benefits on appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the Workers' Compensation Court.

AFFIRMED.