IN THE NEBRASKA COURT OF APPEALS

MEMORANDUM OPINION AND JUDGMENT ON APPEAL
(Memorandum Web Opinion)

ALLEN V. BOONE BROTHERS ROOFING

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

MARK W. ALLEN, APPELLANT,

V.

BOONE BROTHERS ROOFING, APPELLEE.

Filed December 27, 2016.    No. A-16-529.

Appeal from the Workers' Compensation Court: JULIE A. MARTIN, Judge. Affirmed.

Jon Rehm, of Rehm, Bennett & Moore, P.C., L.L.O., for appellant.

Kelsey J. Paumer, of Prentiss Grant, L.L.C., for appellee.

RIEDMANN and BISHOP, Judges, and MCCORMACK, Retired Justice.

RIEDMANN, Judge.

INTRODUCTION

The workers' compensation court entered summary judgment in favor of Boone Brothers Roofing (Boone Brothers) after finding that Mark W. Allen's claim for workers' compensation benefits was barred by the statute of limitations. Allen appeals, arguing that an exception to the limitations period applies. We disagree and therefore affirm.

BACKGROUND

Allen presented to the emergency room on June 8, 2013, complaining of coughing, congestion, shortness of breath, fever, and chills. He reported that over the previous 3 days he had been working on a roof breathing in particulate matter from the tar and fumes and had not been wearing a mask. He was prescribed an inhaler. He sought follow up treatment on June 10 and 12,

- 1 -

when he was admitted to the hospital, and was ultimately diagnosed with acute bronchospasm, acute bronchitis, hypoxia, and reactive airway disease.

Over the next few months, Allen returned to the hospital on multiple occasions with similar complaints of shortness of breath, coughing, and difficulty breathing. He was repeatedly diagnosed with reactive airway disease, and various medications and inhalers were prescribed to alleviate his symptoms. During these visits, various courses of treatment were also recommended for unrelated medical issues including diabetes, high blood pressure, depression, and sleep apnea. On November 25, 2013, Allen presented to a hospital for follow-up care, continuing to complain of shortness of breath and coughing. The medical notes explain that he had been diagnosed with reactive airway disease in June 2013, and that diagnosis was reiterated on November 25. The notes advise that Allen had previously undergone a sleep study related to possible sleep apnea, which recommended that he use CPAP and wear oxygen while sleeping.

Allen initially commenced a workers' compensation action on October 30, 2013. His petition alleged that he sustained an injury to his lungs arising out of and in the course of his employment with Boone Brothers on June 8, 2013. He claimed that the nature and extent of his injury was lung damage. In August 2014, Allen moved to dismiss his complaint without prejudice, and the compensation court granted the motion.

On September 8, 2015, Allen refiled his petition, which contained identical allegations as his original complaint. Boone Brothers' answer denied Allen's allegations and affirmatively alleged that the claim was barred by the statute of limitations. Boone Brothers then moved for summary judgment. After holding a hearing, the compensation court determined that the statute of limitations applied to bar Allen's claim and granted Boone Brothers' motion for summary judgment. Allen timely appeals to this court.

ASSIGNMENTS OF ERROR

Allen assigns that the compensation court erred in entering summary judgment in favor of Boone Brothers.

STANDARD OF REVIEW

We affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Rice v. Poppe*, 293 Neb. 467, 881 N.W.2d 162 (2016). In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was granted, and give that party the benefit of all reasonable inferences deducible from the evidence. *Id*.

ANALYSIS

Allen argues that the compensation court erred in concluding that the statute of limitations barred his action. We find no merit to this argument.

Regarding questions of law, an appellate court in workers' compensation cases is obligated to make its own decisions. *Lenz v. Central Parking System of Neb.*, 288 Neb. 453, 848 N.W.2d 623 (2014). Statutory interpretation presents a question of law. *Id*. Determining when the statute of limitations starts under Neb. Rev. Stat. § 48-137 (Reissue 2010) presents a question of law. *Id*.

Section § 48-137 provides in relevant part:

In case of personal injury, all claims for compensation shall be forever barred unless, within two years after the accident, the parties shall have agreed upon the compensation payable under the Nebraska Workers' Compensation Act, or unless, within two years after the accident, one of the parties shall have filed a petition as provided in section 48-173. . . . When payments of compensation have been made in any case, such limitation shall not take effect until the expiration of two years from the time of the making of the last payment.

The 2-year limitation period began to run when the last medical payment was made by Boone Brothers on July 2, 2013. The operative complaint was not filed until September 8, 2015. Therefore, this case is time barred unless it is found to be within an exception that tolls the statute of limitations.

There are two exceptions to the statute of limitations: (1) where a "latent and progressive" injury is not discovered within 2 years of the accident which caused the injury and (2) where a material change in condition occurs which necessitates additional medical care and from which an employee suffers increased disability. *Wissing v. Walgreen Company*, 20 Neb. App. 332, 823 N.W.2d 710 (2012).

Allen first claims that he suffered a latent and progressive injury which became increasingly disabling in September 2013. The 2-year limitations period contained in § 48-137 is tolled when a claimant suffers a latent and progressive injury. *Wissing v. Walgreen Company, supra*. The statute will not begin to run until it becomes, or should have become, reasonably apparent to the claimant that a compensable disability was present. *Id.* If an employee suffers an injury which appears to be slight but which is progressive in its course, and which several physicians are unable to correctly diagnose, the worker's failure to file a claim or bring suit in time will not defeat his right to recovery, if he gave notice and commenced the action within the statutory period after he learned that a compensable disability resulted from the original accident. *Id*. The mere fact that the employee does not know the full extent of his injury from a medical standpoint does not make it latent so as to toll the running of the limitations period, particularly where medical facts were reasonably discoverable, and the burden of proving the injury to have been latent and progressive is upon the employee. *Id*. Where an injury is latent and progressive, the period of limitation begins to run when the true nature thereof is first discovered by the claimant. *Id*.

In the case at bar, Allen's injury was not latent nor progressive. He sought compensation for the same injury, with the exact same allegations, in both his 2013 complaint and his 2015 complaint. He first sought medical treatment due to a lung injury as a result of inhaling particulate matter from the tar and fumes on his worksite in June 2013. According to his medical records, he was initially diagnosed with reactive airway disease at that time, and although varying courses of treatment were recommended, Allen's diagnosis never changed. There is no evidence that physicians were unable to correctly diagnose Allen's condition. Allen points to the November 2013 recommendation that he wear oxygen at night in support of his argument that his condition was latent and progressive. This recommendation, however, was the result of a sleep study he underwent relating to sleep apnea, not as a recommended course of treatment for reactive airway disease that was progressing in nature.

The injury for which Allen now seeks compensation is the same injury for which he sought compensation in his 2013 complaint. The allegations of the two complaints are identical, so Allen knew in 2013 that he had a compensable injury. The fact that he did not know the full extent of his injury does not excuse his failure to timely file a complaint or continue his then existing action. As a result, the first exception to the 2-year limitations period does not apply.

The second exception to the statute of limitations occurs when there is a material increase in disability. See *Lenz v. Central Parking System of Neb.*, 288 Neb. 453, 848 N.W.2d 623 (2014). In that situation, a petition must be filed within 2 years from the time the employee knows or is chargeable with knowledge that the employee's condition has materially changed, and there has been such a substantial increase in disability as to entitle the employee to additional compensation. *Id.* Stated another way, the question is whether the employee's petition was filed within 2 years of a change in condition that (1) was material and (2) resulted in a substantial increase in disability as to entitle him to additional compensation. See *id.*

This situation arises, however, when there is no dispute about the compensable nature of the injury which the worker sustained, the employer has voluntarily paid compensation to the injured worker, and the employee is now seeking additional compensation in the event of a material increase in disability resulting from the injury. See *White v. Sears, Roebuck & Co.*, 230 Neb. 369, 431 N.W.2d 641 (1988). Those are not the circumstances in the present case.

Here, Boone Brothers disputes Allen's claim that his lung injuries are compensable. Although Boone Brothers made a single payment for Allen's initial visit to the emergency room, it did not make any additional payments for Allen's subsequent medical treatment. As a result, Allen filed his initial complaint on October 30, 2013. We do not interpret the payment of the single medical bill as indication that there was no dispute about the compensable nature of Allen's injury, especially since Allen filed suit four months later. Voluntary payments of workers' compensation benefits do not constitute an admission of liability by an employer. *McBee v. Goodyear Tire & Rubber Co.*, 255 Neb. 903, 587 N.W.2d 687 (1999).

More importantly, Allen is not seeking additional compensation due to an increase in disability; rather, he is seeking compensation related to his original injury of June 8, 2013, as evidenced by the allegations contained in the operative complaint. Not only does Allen not assert an increase in disability in his complaint, but the record, itself, is void of any evidence from either Allen or a medical provider that he has suffered a substantial increase in disability. Consequently, we find that this exception to the 2-year statute of limitations does not apply, and Allen's claim is therefore time barred.

## CONCLUSION

We conclude that the compensation court did not err in holding that the statute of limitations bars Allen's claim for compensation benefits and granting summary judgment in favor of Boone Brothers. We therefore affirm.

AFFIRMED.